EDWARDS, Judge.
This is a tort suit. Plaintiff, Panithia Van Diver Johnson, individually and as natural tutrix of her minor son, Thomas A1 Van Diver, Jr., and intervenor, United States Fidelity and Guaranty Company, appeal an adverse judgment of the trial court which dismissed their claims against defendants, Greater Baton Rouge Airport District, Parish of East Baton Rouge, City of Baton Rouge, Associated Aviation Underwriters, the Fidelity and Casualty Company of New York and Reserve Insurance Company, on a motion for summary judgment.
Thomas Al Van Diver, Jr., a sixteen year old, was injured on August 31, 1975, while operating a tractor with mowing equipment at Ryan Airport as a part of his employment by Ted Hicks. Van Diver had been sent to the airport by Hicks pursuant to an oral agreement between Hicks and the Greater Baton Rouge Airport District, whereby Hicks was allowed to mow certain grassy areas at Ryan Airport and in return was allowed to keep any hay produced by the mowing operation.
Similar agreements had been entered into between the airport and other individuals. The airport required that evidence of insurance, including workmen’s compensation coverage, be provided before any work was undertaken.
This tort suit was filed on behalf of Van Diver against The Greater Baton Rouge *208 Airport District, Parish of East Baton Rouge, City of Baton Rouge and their insurers, Associated Aviation Underwriters, the Fidelity and Casualty Company of New York and Reserve Insurance Company. Suit was also instituted against D. R. Gia-nelloni and Thomas Goudeau as executive officers of the airport.
United States Fidelity and Guaranty Company, Hicks’ compensation insurer, intervened to recover compensation payments.
The governmental defendants and their insurers filed a motion for summary judgment to dismiss plaintiff’s suit and the intervention, contending that the airport is the statutory employer of Van Diver under LSA-R.S. 23:1061 and that plaintiff’s exclusive remedy is under the workmen’s compensation act.
The trial court granted the motion for summary judgment and dismissed plaintiff’s suit and the intervention.[1]
The threshold question presented is whether a governmental entity may avail itself of the statutory employer defense (commonly referred to as a section six defense) and the attendant exclusivity of the compensation remedy to defeat a tort claim. See LSA-R.S. 23:1032 and LSA-R.S. 23:1061.
Plaintiff argues that such a defense is not available and cites LSA-R.S. 23:1034, which provides in pertinent part:
“The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or other political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission . . . ”
In W. Malone, Louisiana Workmen’s Compensation Law and Practice (1951), Professor Malone in discussing the issue sub judice stated in section 144:
“A private concern engaged in a hazardous business is liable for compensation to the employees of an independent contractor hired to carry out a part of the regular business of the principal. Is this true of public bodies which operate through independent contractors? The concluding sentence of Paragraph One of Section One of the Act (LSA-R.S. 23:1034) reads as follows:
‘One employed by an independent contractor who has contracted with the State * * * (or its political subdivision or municipal corporation)
‘through its proper representatives shall not be considered an employee of the State * * * ’ (or political subdivision, etc.).
In view of the fact that the employee of an independent contractor is never to be regarded as the direct employee of the principal, the question arises as to why this express provision was included. The answer seems to lie in the fact that the claimant who is a direct public employee enjoys certain advantages which are not accorded a private employee (such as the right to recover even though the operations of the public employer are not hazardous or the work done is not a part of the employer’s regular business). The legislature felt that no sound policy would be served by extending these spe *209 cial advantages to the employees of private concerns acting as independent contractors for a public body principal. In fact, such an extention might give rise to a situation wherein the public body principal would be liable for compensation to the employee of an independent contractor without enjoying the correlative right of claiming indemnity from the intermediary contractor, which would frustrate the basic policy underlying Section Six of the Act.
“It follows that if an employee of an independent contractor hired by a public body is to recover from the latter, he must show that the contract was for the execution of hazardous work and that it covered a part of the regular business of the public body. The purpose of the provision of the Act set forth above is to insure this result and to place public and private employers on the same footing in this respect.
“There is no suggestion in the Act that the provisions of Section Six creating a principal’s compensation liability are not fully applicable to public and private employers alike, and the matter has been decided favorably to the employee of a contractor in a well considered opinion in Washington v. Sewerage and Water Board.” (footnote omitted).
The case of Washington v. Sewerage and Water Board of New Orleans, 180 So. 199 (La.App.Orl.Cir.1938), cited with approval by Professor Malone, involved a claim by the widow and children of William Washington for workmen’s compensation benefits against the Sewerage and Water Board. The court found that the deceased was not an employee of the board but rather was an employee of the Federal Emergency Relief Administration (ERA) which had contracted with the board to build certain sewer works. However, the court determined that plaintiffs were entitled to recover compensation from the board under section six (now LSA-R.S. 23:1061) because the board was the principal (statutory) employer of the deceased. The court reasoned:
“It seems to us that the correct construction to be placed upon the provisions of (LSA-R.S. 23:1034 and LSA-R.S. 23:1061) is that, if a state board, political subdivision, etc., lets out work by contract, which is of a character essential to its business, then it is liable to the employee of the independent contractor in compensation . . . . In other words, the employee of the contractor must prove such facts as would have entitled him to compensation if the suit had been brought against his employer.” (180 So. 199, 205).
This court in Richard v. National Surety Corporation, 99 So.2d 831 (La.App. 1st Cir. 1957), was confronted with the same issue presented in the instant case. In Richard, we maintained an exception of no cause of action and upheld the statutory employer defense asserted by the City of Lafayette in a tort suit. The city proved that the deceased was an employee of a contractor of the city in connection with the performance of work which was part of the regular trade and business of the city so as to preclude the plaintiff from recovering in tort.
Plaintiff argues that the case of Book v. Police Jury of Concordia Parish, 59 So.2d 151 (La.App. 2nd Cir. 1952), is authority to deny the statutory employer defense to public employers.
We do not agree. The court in Book found expressly that the relationship of principal and contractor did not exist and that LSA-R.S. 23:1061 was therefore not applicable. Accordingly any inference in Book that a governmental entity could not be a statutory employer is mere obiter dictum.
We believe that the defense is available to the governmental entities in this case.
The next question for review is whether the governmental defendants have established that they are the statutory employer of Van Diver and are entitled to summary judgment.
LSA-R.S. 23:1061 provides:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his *210 trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . .
The depositions on file in this suit show unquestionably that a verbal contract existed between the airport as “principal” and Hicks as “contractor”, whereby Hicks mowed certain grassy areas at Ryan Airport and in return was allowed to keep any hay produced by the mowing operation.
Additionally we find that there is no genuine issue of material fact to oppose the determination that the work being performed by Hicks was an integral part of the airport’s trade, business or occupation. The work being performed at the time of the accident was maintenance work necessary for the proper operation of the airport. The deposition of Thomas Goudeau, the airport’s maintenance supervisor, established that it was necessary for the airport to keep the grassy areas mowed to a certain height as a part of routine maintenance. He testified that the airport had the necessary equipment and personnel to mow the areas in question. He further testified that the airport had in the past mowed these areas, and, were it not for the agreements such as the one with Hicks, that the airport would continue to mow these areas.
Plaintiff contends that we should characterize the work being performed by Van Diver as the cutting of hay rather than the mowing of grass. As such, plaintiff argues, this work was not a part of the trade, business or occupation of the airport. As we have indicated above, the distinction asserted by plaintiff is purely academic in view of the undisputed evidence, including the deposition testimony of Van Diver, that the accident occurred while the grass was being cut.
Our review of this record indicates clearly to us that there is no genuine issue of material fact to be resolved and that the trial court was correct in granting the summary judgment.
For the above reasons, the judgment appealed is affirmed at appellants’ cost.
AFFIRMED.

. Defendant, Gianelloni, also filed a motion for summary judgment, which was denied by the trial court.