CHEHARDY, Judge.
Plaintiff Lawrence Mott, Jr., appeals a district court judgment in favor of defendants David Krementz, Avondale Shipyards, Inc. (Avondale), and River Parish Maintenance, Inc. (R.P.M.), and against the plaintiff, maintaining their exceptions of no right of action and dismissing those defendants from the plaintiff’s suit in tort. The court stated it was of the opinion the plaintiff’s exclusive remedy was in workmen’s compensation.
Plaintiff filed suit against the above named and other defendants alleging damages due to personal injuries he sustained on August 2,1979 while working for R.P.M. and as he was operating a tractor on the premises of Avondale. The plaintiff also alleged Avondale had engaged R.P.M. to clear the levee of weeds in and around the plant and that plaintiff had been engaged in spraying a herbicide along the levee when the hose carrying liquid ruptured, spraying the toxic substance on plaintiff’s legs, chest, back, neck and hands, causing severe chemical burns thereto.
After that incident, the petition further states plaintiff’s supervisor told him to drive the tractor to the shop and while proceeding there he swerved the vehicle to avoid a speeding motorcycle, causing the tractor to overturn with injuries resulting to plaintiff.
Plaintiff’s original petition in Paragraph VIII avers:
“Said accident occurred through the negligence of defendant RPM, whose negligence is imputed to the defendant, Avondale. Such negligence consisted of but was not limited to the following:
A. Permitting and/or suffering the plaintiff, a minor, to operate a motor vehicle used for commercial or industrial purposes in violation of La.R.S. 23:161(10);
B. Permitting or suffering plaintiff, a minor to work in an operation involving exposure to dangerous or poisonous chemicals, in violation of La.R.S. 23:161(12);
C. Allowing plaintiff to operate substandard and defective equipment;
D. Ordering plaintiff, who was obviously injured to drive a damaged vehicle to the shop for repair.”
David Krementz was subsequently joined as a defendant by amended petition, plaintiff alleging that Krementz was plaintiff’s immediate supervisor at R.P.M., and alleging further in Article 4 of said amended petition:
“The original petition is hereby amended to add the two following paragraphs:
‘XVI
Said accident occurred through the negligent and intentional acts of David Krementz, plaintiff’s immediate supervisor at RPM, the liability for which acts is also imputed unto defendant, RPM, under the theory of respondeat superior. Said negligent and intentional acts consisted of but were not limited to:
A. Knowingly permitting and/or suffering plaintiff, then a minor child, to operate a motor vehicle used for commercial or industrial purposes in violation of La.R.S. 23:161(10);
B. Knowingly permitting and/or suffering plaintiff, then a minor child, to work in an occupation involving exposure to dangerous and poisonous chemicals, in violation of La.R.S. 23:161(12);
C. Allowing plaintiff to operate substandard defective equipment;
D. Ordering plaintiff who was obviously injured to drive a damaged vehicle to the shop for repair.
XVII
Said accident occurred through the negligent and intentional acts of Camille J. Chauvin, plaintiff’s supervisor at Avondale, the liability for which acts is also imputed unto defendant Avon- *386 dale under the theory of respondeat superior. Said negligent and intentional acts consisted of but were not limited to the following:
A. Knowingly permitting and/or suffering plaintiff, then a minor child, to operate a motor vehicle used for commercial or industrial purposes, in violation of La.R.S. 23:161(10);
B. Knowingly permitting and/or suffering plaintiff, then a minor child, to work in an occupation involving exposure to dangerous and poisonous chemicals, in violation of La.R.S. 23:161(12);
C. Allowing plaintiff to operate substandard and defective equipment;
D. Willfully failing to investigate the first accident in which plaintiff sustained chemical burns, which investigation could have prevented the later and more serious accident.’ ”
In a second amended petition, plaintiff further alleges that:
“Plaintiff wishes to amend his original petition to add the following paragraph:
‘VIII(a)
Said accident occurred through the negligence of defendant, Avondale, in the following particulars:
A. Failing to erect stop and/or yield signs at the intersection of the road on its property where the accident occurred or otherwise to supervise traffic on the said road in such a manner as to render it safe and passable.
B. Failing to properly supervise its employee, whose reckless and excessive speed in the operation of the trail bike owned by Avondale was a proximate cause of the accident herein.’ ”
The judgment of January 19, 1981 from which plaintiff appeals states in part: “Before the Court are:
(1) Exceptions of no right or cause of action filed by defendant David Kre-mentz;
(2) An exception of no right of action and/or motion for summary judgment filed by defendant Avondale Shipyards, Inc.; and
(3)An exception of no right of action and/or motion for summary judgment filed by defendant River Parish Maintenance, Inc.
“After considering the pleadings, arguments of counsel and the statutes and jurisprudence of this State,
IT IS ORDERED that all exceptions of no right of action be and they are hereby maintained, dismissing the above listed exceptors-defendants from this action, the Court being of the opinion that petitioner’s exclusive remedy is in workmen’s compensation.”
The peremptory exception of no right of action raises questions of whether a remedy afforded by law can be invoked by a particular plaintiff, whereas the peremptory exception of no cause of action questions whether the law affords any remedy to plaintiffs under allegations of their petitions. Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3d Cir. 1981)
“The peremptory exception of no cause of action tests the sufficiency in law of plaintiff’s petition to allow recovery by anyone against the defendants. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact conceded as true. No evidence may be admitted to support or controvert the exception. The exception must be overruled unless the allegations affirmatively established that under no facts admissible under the allegations of the petition does plaintiff have a cause of action, and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. * * * ” Wheelahan v. State, etc., 376 So.2d 576, 577 (La.App. 4th Cir. 1979).
It is our opinion that the trial court should not have maintained the exception of no right of action but should have dismissed the plaintiff’s suit as to Krementz, Avondale and R.P.M. on the failure of the petition and the amended petitions to state a cause of action.
*387 LSA-C.C.P. art. 927 provides that failure to state a cause of action may be noticed by either the trial or appellate court of its own motion.
The plaintiff argues on appeal that he was employed by R.P.M. as a laborer and only to that extent should be considered an employee of the company, citing the provisions of LSA-R.S. 23:161, which forbids the employment of minors to drive motor vehicles or spray dangerous dyes and chemicals.
LSA-R.S. 23:161 states that minors shall not be employed, permitted or suffered to work (among other ways) as driver of any motor vehicle used for commercial or industrial purposes, in spray painting or in occupations involving exposure to lead or its compounds or to dangerous or poisonous dyes and chemicals.
In Messer v. Bagwell Coatings, Inc., 283 So.2d 279 (La.App. 1st Cir. 1973), the court stated the Workmen’s Compensation Act is the exclusive remedy, as against the employer, of a minor injured in the course and scope of his employment, even though the minor was illegally employed in a hazardous business or in contravention of a prohibitory law such as LSA-R.S. 23:161.
In the present case, therefore, it was not error for the district judge to conclude that the plaintiff’s sole remedy as against R.P.M. was in workmen’s compensation, in spite of the employer’s violation of the child labor laws. Moreover, the case of Boyer v. Johnson, 360 So.2d 1164 (La.1978), cited by the plaintiff, is inapplicable to the present case on this issue because that case was an executive officer suit brought against the president of the employer company personally in tort under the provisions of LSA-R.S. 23:1101 (prior to its 1976 amendment) which at that time allowed an officer of the employer corporation to be held liable in tort by his own personal fault, notwithstanding the employer’s immunity.
The plaintiff also seeks to hold his employer and defendant David Krementz, who was his supervisor, liable in tort by alleging that those defendants committed certain intentional torts, allowing recovery under the present provisions of LSA-R.S. 23:1101.
In view of the petition and amended petitions it is impossible to conclude that an intentional tort was committed in this case as none of the allegations show that any defendant desired to bring about the physical results of his act or believed they were substantially certain to follow. Bazley v. Tortorich, 397 So.2d 475 (La.1981).[1] Accordingly the suit against R.P.M. and Kre-mentz did not state a cause of action under LSA-R.S. 23:1101 and was properly dismissed by the district court judge.
Neither can we conclude that the plaintiff’s petition establishes a cause of action against Avondale. In this regard LSA-R.S. 23:1061 states:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed *388 by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.”
In the case of Johnson v. Greater Baton Rouge Airport Dist., 368 So.2d 206 (La.App. 1st Cir. 1979), the airport district had an oral agreement with a man named Hicks to mow certain grassy areas at the airport, and in return he was allowed to keep the hay produced by the mowing operation. The driver employed by Hicks, a sixteen year old, was injured while operating a tractor with the mowing equipment. The court held the mowing was an integral part of the airport’s business, trade or occupation because it was a necessary part of routine maintenance, relying on the deposition of the airport maintenance supervisor. It also held, therefore, that the airport district was entitled to avail itself of the statutory employer defense, as provided by LSA-R.S. 23:1061, and attendant exclusivity of the compensation remedy to defeat the tort claim for the operator’s injuries. Avondale is, under the provisions of LSA-R.S. 23:1061, a statutory employer and, therefore, entitled to claim exclusivity of the workmen’s compensation remedy to defeat the plaintiff’s tort claim against that defendant for his injuries. Accordingly, this suit against Avondale was properly dismissed by the trial judge.
Accordingly, under the authority granted this court under LSA-C.C.P. art. 927, we notice that plaintiff’s petition and amended petitions fail to state a cause of action against the defendants David Krementz, River Parish Maintenance, Inc., and Avon-dale Shipyards, Inc., and plaintiff’s suit in tort as to these defendants is dismissed at plaintiff’s costs, plaintiff’s exclusive remedy being in workmen’s compensation.
AMENDED AND AFFIRMED.

. In our concurring opinion rendered in the case of McDonald v. Boh Bros. Const. Co., Inc., 397 So.2d 846 (La.App. 4th Cir. 1981), we also noted that in Bazley v. Tortorich, supra, it appeared that the earlier interpretation by courts of appeal of the meaning of “intent” in LSA-R.S. 23:1032, as amended by Act 147 of 1976, had either been overruled by the Supreme Court or so broadened as to effectively do away with the earlier definition of the courts of appeal. We also noted, however, that in doing away with the earlier definition, unless we include in the definition “should have known that the results would follow,” there exists a distinction without a difference. We added the “should have known” standard is preferable in that it is an objective standard. Although our sympathies may be with the plaintiff in the present case, we are bound to follow the ruling of the Supreme Court as expressed in the Baz-ley case.