432 So.2d 827 (1983)
Lawrence MOTT, Jr.
v.
RIVER PARISH MAINTENANCE, INC., et al.
No. 82-C-2347.
Supreme Court of Louisiana.
May 23, 1983.
*828 Abbott J. Reeves, Jr., Thomas L. Watson, New Orleans, for plaintiff-applicant.
Esmond Phelps, III, Dodge Hobson, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendant-appellant.
CALOGERO, Justice.
Plaintiff Lawrence Mott, Jr. is before us contesting a Court of Appeal, 417 So.2d 384 (La.App.1982) judgment which dismissed his tort suit against defendants David Krementz, River Parish Maintenance, Inc., and Avondale Shipyards, Inc. The Court of Appeal determined that plaintiff's exclusive remedy against these defendants was in worker's compensation, and accordingly held that his petition did not state a cause of action against them. For the following reasons, we affirm that judgment and remand *829 the case to the district court for further proceedings.
It is well settled that in considering whether an exception of no cause of action should be sustained, the exception must be decided upon the face of plaintiff's petition alone, and all well-pleaded allegations of fact therein are to be considered as true. The facts as alleged in plaintiff's petition are essentially as follows. Sometime during the summer of 1979, plaintiff, a minor, was employed by River Parish Maintenance, Inc. (RPM). RPM was in turn engaged by Avondale Shipyards, Inc. (Avondale) to clear the levee of weeds in and around Avondale's plant. On August 2, 1979, while working for RPM at Avondale, plaintiff sustained certain personal injuries. Plaintiff was first injured while spraying herbicide along the levee when the hose carrying the liquid ruptured, spraying the herbicide on plaintiff's legs, chest, back, neck and hands. Plaintiff alleges he sustained additional injuries in attempting to drive a tractor back to the shop, upon order of his supervisor, while in considerable pain from being sprayed with the herbicide, when he swerved to miss a motorcycle rider and the tractor overturned.
Plaintiff originally filed suit against RPM, Avondale, Phillip Brothers Truck Service, Inc. (owner/lessor of the tractor), Travelers Insurance Co. (Avondale's insurer), ABC Manufacturing Co. (the manufacturer of the tractor), and XYZ Manufacturing Co. (the manufacturer of the hose). He later amended his petition to include as defendants David Krementz, an RPM employee who was supervising the work, and Camille J. Chauvin, an Avondale employee who was the overseer for the work being done by RPM.
Subsequently, defendant David Krementz filed a pleading entitled "Exception of No Right and/or Cause of Action." Defendants RPM and Avondale filed pleadings entitled "Exception of No Right of Action and/or Motion for Summary Judgment."
These exceptions and motions were argued and submitted on December 22, 1980. On January 19, 1981, the trial court rendered a judgment ordering
"that all exceptions of no right of action be and they are hereby maintained, dismissing the above listed exceptors-defendants from this action, the Court being of the opinion that petitioner's exclusive remedy is in workmen's compensation."
On appeal by plaintiff, the Court of Appeal amended and affirmed the trial court judgment. The Court of Appeal held that the trial court had erred in maintaining the exception of no right of action, but further held that these defendants were nevertheless properly dismissed from plaintiff's tort suit because plaintiff's petition and amended petition did not state a cause of action against them.[1]
Plaintiff sought writs here, contending that the Court of Appeal erred in finding that plaintiff's petition did not state a cause of action against David Krementz, RPM and Avondale, and in dismissing those defendants from his tort suit. Plaintiff argues that the worker's compensation act (La.R.S. 23:1021 et seq.) does not apply where an employee is injured when caused or permitted to perform a task in contravention of a statute, as here where a minor was injured when caused or permitted to spray poisonous chemicals and to drive a motor vehicle used for commercial or industrial purposes, in violation of the Child Labor Laws, specifically La.R.S. 23:161. Accordingly, if the worker's compensation act is not applicable, plaintiff's petition in tort against RPM and Avondale states a cause of action. In the alternative, plaintiff argues that notwithstanding the general applicability of the worker's compensation act to him and his employment, his petition nonetheless states a cause of action in tort against RPM because his injuries resulted from an "intentional act" of Krementz's for *830 which RPM is vicariously liable, and the act does not provide tort immunity.[2]
In view of the procedural posture of the case, the only question presented for our consideration is whether the Court of Appeal erred in holding that, as to David Krementz, RPM and Avondale, plaintiff's petition and amended petition fail to state a cause of action against them.[3]
As stated above, in considering whether an exception of no cause of action should be sustained, the reviewing court must determine, based upon the well-pleaded allegations of fact in the plaintiff's petition alone, whether a remedy is afforded anyone under the circumstances alleged, under any theory of the case.
Plaintiff's petition alleges, essentially, that RPM and Avondale are liable to him for his injuries because they were sustained while plaintiff was performing a task prohibited by the Child Labor Law and thus outside the coverage of the Worker's Compensation Act. Plaintiff's supplemental petition essentially alleges that RPM and David Krementz are liable for plaintiff's injuries because they were caused by an intentional act, that intentional act being Krementz's causing or permitting plaintiff to work in violation of the Child Labor Law.
We must determine whether, under these factual allegations and under any legal theory, plaintiff's petition and amended petition state a cause of action against Krementz, RPM and Avondale. Two questions are presented for our consideration: (1) whether a minor employee injured while performing, in the course and scope of his employment, a task which is prohibited by the Child Labor Law (La.R.S. 23:161), is covered by the worker's compensation act and thus denied any tort recovery from his employer or principal because of the exclusivity of worker's compensation; and (2) whether violation of the Child Labor Law in causing or permitting a minor employee to spray poisonous chemicals and/or drive a motor vehicle that is used for commercial or industrial purposes, constitutes an "intentional act" within the meaning of La.R.S. 23:1032 such that the minor employee can nonetheless maintain a tort action against his employer.

WORKER'S COMPENSATION COVERAGE
Both lower courts held that plaintiff's exclusive remedy is under the worker's compensation act. The Court of Appeal relied on the case of Messer v. Bagwell Coatings, Inc., 283 So.2d 279 (La.App. 1st Cir.1973) in support of its holding. In Messer, the court held that the Worker's Compensation Act provided the exclusive remedy for a minor against his employer where the minor was injured in the course and scope of his employment, notwithstanding that the employer had violated La.R.S. 23:161. For the reasons which follow, we hold that the lower courts were correct in this regard.
La.R.S. 23:1035 provides in pertinent part:
The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation .... (Emphasis provided.)
Despite the statutory reference to "every person," plaintiff nevertheless argues that it does not apply to minors who are performing tasks which are prohibited by the *831 Child Labor Law. He argues that it only applies to services which are being performed legally. The statutory history of this provision makes it clear that plaintiff's position in this regard has no merit.
Prior to certain revisions of the Worker's Compensation Act in 1948, the section of the Act on coverage, although elective and applicable generally to minors,[4] expressly provided, "this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified" in the worker's compensation act. Thus, prior to the 1948 revisions of the act, it was expressly provided by the legislature that those minors who were employed illegally because below the minimum age required by law for them to perform certain jobs, were not covered by the Act.
In 1948, the provision on coverage was amended and the above language excluding from coverage minors employed in violation of law was deleted. Thus, even though the worker's compensation act remained elective at that time, minors who were below the minimum age prescribed by law for employment in certain trades were included within it under the 1948 amendment, with their right of election to be exercised by their parents or guardian. It is the deletion of the previous provision excluding minors from coverage which evidences the legislative intent to include minors, whether employed in violation of law because of their age or not, within the coverage of the worker's compensation act. Malone & Johnson, Louisiana Civil Law Treatise, Workers' Compensation, 53; Larson, Workmen's Compensation Law, § 47.52(a).
In 1975, major revisions were made to the compensation act to make it compulsory rather than elective, as it had been until then. As a part of these revisions, coverage as to private employees was, as it is now, provided in La.R.S. 23:1035. No change was made by these revisions with respect to which persons were covered by the act. To the contrary, the Legislature reaffirmed its intent to include all minors within the coverage of the act.
La.R.S. 23:1035, providing for coverage under the act, states that the act is applicable to "every person" with no indication whatsoever that it did not apply to minors, legally or illegally employed. Furthermore, since the appellate courts had, between 1948 and 1975, rendered numerous decisions holding that the act did apply to minor employees who were below the minimum age prescribed by law for employment in certain trades or to do certain jobs, use of the term "every person" in the coverage provision must have been with the intent that such minors remain covered under the act.
Plaintiff in brief relies heavily on the case of Boyer v. Johnson, 360 So.2d 1164 (La.1978), a case in which a minor recovered in tort against a supervisory co-employee, to support his argument that he is in this case not covered by the worker's compensation act. In Boyer, a fifteen year old boy had been hired to drive a truck by a Mr. Johnson, who had knowledge of the boy's age. After the boy was killed while driving the truck, his parents brought a wrongful death action against Johnson personally. The accident occurred in 1968, before the 1976 amendment to La.R.S. 23:1032 which extended tort immunity to co-employees and supervising personnel. Thus the issue in Boyer was simply whether a non-immune co-employee's violation of the Child Labor Law constituted negligence for which he should be required to respond in damages. The issue in this case is whether a supervisory co-employee, immune from tort liability *832 following the 1976 amendment to La.R.S. 23:1032, and his possibly vicariously liable employer, are to be denied immunity from tort provided in La.R.S. 23:1032 because of an asserted intentional act.
The issue narrows down to whether violation of the Child Labor Law in this case takes the plaintiff outside of the compensation act, not, as in Boyer, whether violation of the Child Labor Law was tortious conduct. Consequently, the Boyer case is distinguishable on its facts and not controlling.
We find no merit to plaintiff's argument that he is not covered by the worker's compensation act because his injuries occurred while he was performing a task prohibited, for a minor his age by the Child Labor Law.[5]

INTENTIONAL ACT
We next consider whether plaintiff's tort suit states a cause of action against his supervisor, David Krementz, and RPM, based on the allegation that his injuries resulted from Krementz's "intentional acts."
La.R.S. 23:1032, while providing immunity from civil liability in favor of an employer, principal or supervisor, makes an exception to that tort immunity where the liability arises as a result of an intentional act. La.R.S. 23:1032 provides in pertinent part:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
Plaintiff herein alleges that defendant Krementz's conduct, which resulted in plaintiff's injuries, does constitute an intentional act under La.R.S. 23:1032. Essentially plaintiff's contention in this regard is that violation of the Child Labor Law by causing or permitting a minor to spray poisonous chemicals and to drive a motor vehicle is per se an intentional act under La.R.S. 23:1032.
In Bazley v. Tortorich, 397 So.2d 475 (La. 1981) this Court addressed the question of what the legislature intended by the term "intentional act" in La.R.S. 23:1032. Therein we held:
[W]e construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what he did.... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. (Emphasis provided)
Based on this definition of "intentional act" we find no merit to plaintiff's contention that violation of the Child Labor Law, whether knowing or unknowing, by causing or permitting plaintiff to spray poisonous chemicals and/or drive a motor vehicle, per se constitutes an intentional act. Violation of a statute alone is not per se such an intentional act as will result in the employer's tort liability if injuries are sustained by an employee because of the violation. Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir.1979), cert. denied, 382 So.2d 164 (La.1979). Plaintiff alleges no facts which indicate that Krementz either desired to bring about the resulting injuries from his causing or permitting plaintiff to spray the chemicals and drive the tractor, or that he believed that they were substantially certain to follow. Accordingly, we find that, as described in plaintiff's petition and amended petition, Krementz's violation of the Child Labor Law did not constitute an intentional act within the meaning of La.R.S. 23:1032.
*833 Therefore, we hold that under the allegations contained in plaintiff's petition and amended petition his sole remedy against Krementz, RPM and Avondale is worker's compensation and his tort petition presently fails to state a cause of action against them.
Plaintiff has requested that he be given leave to amend his petition should we find, as we have, that his present petition and amended petition fail to state a cause of action against these defendants.
La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Rather than either dismiss plaintiff's case at this stage, or grant him leave to amend his petition where he might not in good faith be able to do so, we deem it advisable to remand the case to the district court for consideration of plaintiff's motion to amend his petition. The trial judge, in the instant case, is in a far better position to consider the motion to amend than is this Court. He has already conducted a hearing on a motion for summary judgment and is far more knowledgeable about the scope and limitations of plaintiff's case than is this Court which has only considered it on an exception of no cause of action.
Accordingly, we reverse the judgments of the lower courts dismissing Krementz, RPM and Avondale from plaintiff's tort suit and remand the case to the district court for further proceedings consistent with the views expressed herein.

Decree
For the foregoing reasons, that part of the Court of Appeal judgment holding that plaintiff's petition and amended petition fail to state a cause of action against David Krementz, RPM and Avondale is affirmed; the judgment of both lower courts dismissing these defendants from plaintiff's tort suit is reversed; and the case is remanded to the district court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LEMMON, J., dissents and assigns reasons.
DENNIS, J., dissents and will assign reasons.
LEMMON, Justice, dissenting.
In order to enforce public policy, I would hold that an employer who requires a minor to perform employment tasks in violation of the Child Labor Law (or similar laws expressing strong public policy) is estopped in tort actions from pleading the exclusivity of the compensation remedy. In Boyer v. Johnson, above, the court in effect applied the Child Labor Law to preclude the violating employer from pleading the minor's contributory negligence; here, the court should apply the Child Labor Law to preclude the violating employer from pleading the exclusivity of the workmen's compensation act.
NOTES
[1] While neither RPM nor Avondale asserted exceptions of no cause of action, the Court of Appeal, under the authority of La.C.C.P. art. 927, took notice of the absence of a legally stated cause of action on its own motion.
[2] In Jones v. Thomas, et al., 426 So.2d 609 (La.1983), we held that an employer is not afforded tort immunity under La.R.S. 23:1032 for his vicarious liability for the intentional act of his employees.
[3] The propriety of the lower court rulings on defendants' exceptions of no right of action is not before us since that issue was ruled upon adversely to defendants in the Court of Appeal and defendants did not seek writs. Nor are the motions for summary judgment by RPM and Avondale before us for consideration because they have not heretofore been ruled upon in the lower court. Therefore, the only issue before us is whether plaintiff's petition states a cause of action against Krementz, RPM and Avondale.
[4] At the time under discussion, the law did not make worker's compensation compulsory as it is now. Rather, it created a presumption that employers and employees in certain specified trades, businesses or occupations, had "elected to be subject to the provisions of the act and to be bound thereby unless such election be terminated... by either party to the contract of hiring giving written notice not less than thirty days prior to the accident to the other party of such contract that the provisions of this act ... shall no longer apply." The act further provided that "such right of election shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the Court." Act No. 85, 1926.
[5] A question has been raised as to whether there is a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law. While there may be some support for such a distinction, we are not here faced with that issue and express no view on it.