467 So.2d 1281 (1985)
Frank RACHAL
v.
AUDUBON PARK COMMISSION, et al.
No. CA-2684.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Writ Denied May 31, 1985.
*1282 Thomas Keasler Foutz, Law Offices of John R. Martzell, New Orleans, for plaintiff-appellant Frank Rachal.
Laurence E. Larmann, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants-appellees Audubon Park Com'n and Human Indem. Co.
Richard B. Nevils, Baton Rouge, for defendants-appellees Audubon Park Com'n and Southeastern Fidelity Ins. Co.
Before BARRY, BYRNES and WARD, JJ.
BARRY, Judge.
Plaintiff's suit for personal injuries was dismissed by summary judgment based on the defendant Commission being his statutory employer.
Plaintiff was employed as a laborer by Handiman Industrial Services which was under contract to perform periodic grounds maintenance for the Audubon Park Commission. He fell from the back of a truck which struck a drainage inlet and was seriously injured. The question is whether summary judgment was proper. We find no genuine issue as to material fact and affirm.[1]
The affidavit of Dale Stastny, Deputy Director of the Commission, states that Handiman was to maintain the grounds and pick up trash in Audubon Park. The affidavit contains conclusory facts (Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982), but specifies that maintenance and trash collection are "integrally a part of the operation and care of Audubon Park" and "Park employees also regularly and customarily perform the same work" as that performed by Handiman.
Stastny said during spring and summer when grass grows and crowds increase, there is a need for temporary help and it is more efficient to hire through an agency than Civil Service. Bid letters specified 2 to 8 employees to do push mowing, weeding, horticultural work, litter pickup, trash removal and manual labor. The driver of the truck in which plaintiff was riding was a regular park employee on the grounds crew. Although Handiman was required to carry compensation insurance, that fact has no bearing on the Commission's tort liability. See Traylor v. Shell Oil Company, 400 So.2d 342 (La.App. 4th Cir.1981), writ denied 405 So.2d 530 (La.1981).
The party filing a motion for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981). Where the trial court is presented with the choice of reasonable inferences to be drawn from subsidiary facts in affidavits, exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).
Only by statute is the employee of a contractor considered the employee of the owner and only when the contractor performs work for the principal in the principal's trade, business or occupation. La. R.S. 23:1061; Johnson v. Alexander, 419 So.2d 451 (La.1982). La.R.S. 23:1032 defines principal:
For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Under La.R.S. 23:1032 two elements must be met for the injury to fall within *1283 the scope of the compensation statutes: the work must be part of the principal's trade, business or occupation; the principal must have engaged in that trade, business or occupation at the time of the injury. Lewis v. Exxon Corporation, 441 So.2d 192 (La. 1983) (on rehearing).
Whether a principal is a statutory employer is a question of fact and must be handled on a case-by-case basis. Tolstonog v. Muller Restaurant Supply, 430 So.2d 243 (La.App. 4th Cir.1983). Generally a particular activity is within the scope of the principal's trade or business if it is routine or customary, Benson v. Seagraves, 436 So.2d 525 (La.1983); if the principal customarily performs the type of work done by the contractor and that work is an integral part of the work customarily performed by the principal, Melancon v. Tassin Amphibious Equipment Corp., 427 So.2d 932 (La.App. 4th Cir.1983), writ denied 433 So.2d 166 (La.1983) or if the activity is necessary for the principal's day-to-day operations.
[W]orks contemplated by the statute are those activities which are an actual part of the nature and purpose of the principal's enterprise ... General maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are within the scope of the statute. (citation omitted) Lewis v. Exxon Corporation, supra at p. 198.
Courts look to the entire scope of the work contracted out, the specific task being performed at the time of the injury, where that task fits into a specific job, and how that job fits into the scope of the work as a whole. Wilson v. A-1 Industries, Inc., 451 So.2d 1251 (La.App. 4th Cir.1984), writ denied 457 So.2d 14 (La.1984). The statutory employment relationship is found only where the contractor is to perform work which is so closely allied to that of the principal that it is "an extension or component of the principal's commonly relied upon resources." Penton v. Crown Zellerbach Corporation, 699 F.2d 737 (5th Cir.1983). See also LeBlanc v. Goldking Production Company, 706 F.2d 149 (5th Cir.1983).
Upon an undisputed showing that the contractor's (Handiman) work is customarily performed by the principal's own employees, the principal may be entitled to summary judgment. Barrios v. Engine and Gas Compressor Services, Inc., 669 F.2d 350 (5th Cir.1982); Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978). See also Forno v. Gulf Oil Corporation, 699 F.2d 795 (5th Cir.1983).
Plaintiff filed no countervailing affidavit. The record shows that the temporary help supplemented, as needed, the permanent crew which worked throughout the year. See Burse v. Boh Brothers Construction Company, 349 So.2d 438 (La. App. 4th Cir.1977), writ denied 351 So.2d 172 (La.1977). It's obvious picking up trash, mowing and weeding constitutes an integral part of the Commission's business, trade or occupation. See Johnson v. Greater Baton Rouge Airport District, 368 So.2d 206 (La.App. 1st Cir.1979), writ denied 369 So.2d 458 (La.1979). Also Mott v. River Parish Maintenance Inc., 417 So.2d 384 (La.App. 4th Cir.1982). Affirmed in part, reversed in part, 432 So.2d 827 (La.1983).
A motion for summary judgment should be granted where it is shown that no genuine issue of fact exists and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Cates v. Beauregard Electric Cooperative, 328 So.2d 367 (La. 1976), cert. denied 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976).
We agree the Audubon Park Commission was plaintiff's statutory employer and summary judgment was proper.
AFFIRMED.
NOTES
[1] In trial court memorandum and brief plaintiff attacks the constitutionality of the statutory employer defense in order to preserve his rights if our Supreme Court reconsiders the matter.