LINDSAY, Judge.
On April 23, 1979, the plaintiff, Verline Norton, filed a petition against the defendants, Louis Hale and Mrs. Margaret Dennis Cutchins, for the wrongful death of her son, Clarence Norton. The defendant, Louis Hale, filed an exception of no cause or right of action which was sustained by the trial court and the plaintiff appealed that decision. For the following reasons, we affirm the trial court judgment.
FACTS
The plaintiff alleged in her petition that on April 22, 1978, her thirteen year old son, Clarence Norton, was employed by Louis Hale and that in the course and scope of his employment, Clarence rode a horse into a pond to bathe and wash it. In doing so, Clarence fell from the horse, and drowned. Plaintiff alleged that Louis Hale leased the property on which the accident occurred from Mrs. Margaret Dennis Cutchins and that the defendants were negligent in not warning Clarence about the dangers of the pond, for not enclosing the pond, and for allowing Clarence to ride the horse into the pond. Plaintiff claimed damages totaling $301,000.00.
On April 30, 1979, Mrs. Cutchins filed an exception of no cause of action, claiming the petition failed to allege any facts upon which her liability could be based.
On May 9, 1979, Louis Hale filed an exception of no cause or no right of action, claiming that the plaintiff had no cause of action in tort because she claimed Clarence was killed in the course and scope of his employment. Hale contended plaintiff’s exclusive remedy was under the Worker’s Compensation Act and that the plaintiff had no right of action under that act because she failed to allege that she was economically dependent for her support upon the decedent.
No hearing was ever held on these exceptions and the trial court never entered judgment concerning them.
*871 According to the trial court minutes, on May 30,1979 and June 16,1981 preliminary defaults were entered. On June 30, 1981 Mrs. Cutchins had the preliminary default set aside by ex parte order.
On February 11, 1985, Mrs. Cutchins filed a motion for a decree of abandonment. The trial court denied that motion on the ground that although the preliminary defaults were invalid because motions were pending, they were formal steps in the prosecution of the matter by the plaintiff.
Mrs. Cutchins then filed a motion for summary judgment which was denied by the trial court on September 20, 1985.
On October 18,1985, the plaintiff filed an amended petition, again claiming her son was killed during the course and scope of his employment with Louis Hale and while performing farming duties for the benefit of both defendants.
On November 5, 1985, Louis Hale filed an exception of no right or no cause of action, again asserting that the plaintiff could not bring her claim under general tort principles because she alleged that her son was killed in the course and scope of his employment with the defendant. The defendant argued that plaintiff’s exclusive remedy was for worker’s compensation, and again argued that plaintiff was precluded from bringing such a claim because she failed to allege that she was economically dependent upon her son.
TRIAL COURT JUDGMENT
A hearing was held on Hale’s exception on December 17, 1985. Relying upon several cases which were decided several years before the enactment of the worker’s compensation laws which were in effect at the time of this accident, plaintiff argued that farming and gardening operations carried out with hand implements or with nonhazardous equipment were excluded from worker’s compensation coverage.
At the hearing, the plaintiff argued that worker’s compensation was not the exclusive remedy in this case, asserting that Hale was hired by Mrs. Cutchins to keep the property clear of weeds and that Hale was not operating a full time commercial farming operation and therefore the work performed by the decedent was not part of Hale’s regular trade, business, or occupation. Plaintiff advanced this argument even though the allegations of her petition clearly refer to her son’s employment in Hale’s “business.”
The trial court sustained Hale’s exception, finding that because the plaintiff alleged an employer/employee relationship and claimed the accident occurred during the course and scope of the decedent’s employment, her exclusive remedy was in worker’s compensation. The court went on to find that because the worker’s compensation law required a showing of economic dependency upon the decedent and because plaintiff failed to make such an allegation, she had no right of action. The plaintiff has appealed that decision, claiming the trial court erred in sustaining the exception of no cause or right of action filed by the defendant, Louis Hale. No decision appears in the record regarding Mrs. Cutch-ins exception of no cause of action. We also note that the defendant, Louis Hale, failed to file with this court a brief concerning the issue raised on appeal.
WORKER’S COMPENSATION COVERAGE
The primary issue for decision by this court is whether the plaintiff alleged a cause of action under the provisions of the Worker’s Compensation Act in effect at the time this suit was filed. If so, worker’s compensation is her exclusive remedy and then, to recover, she must allege and prove her economic dependency on the decedent.
Plaintiff contends that her exclusive remedy does not lie in worker’s compensation. The plaintiff bases her claim that she is entitled to sue for damages under general tort principles on two exceptions to the Worker’s Compensation Act. First, plaintiff cites several cases indicating that agricultural laborers are exempt from coverage by the Worker’s Compensation Act. Second, plaintiff argues that if the Worker’s Compensation Act applies, her cause of action is exempt under LSA-R.S. 23:1035(B), which excludes coverage for an employee of a private residential householder. For *872 the following reasons, we find that neither of the exceptions urged by the plaintiff applies to the facts of this case.
Plaintiff bases her claim that agricultural employees are exempt from worker’s compensation coverage on several cases construing statutes not in effect at the time of this accident. See Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922); Robichaux v. Realty Operators, Inc., 195 La. 70,196 So. 23 (1940); Cannon v. Michigan Mutual Liability Co., 66 So.2d 534 (La.App. 1st Cir.1953); Mitcham v. Urania Lumber Co., 185 So. 707 (La.App. 2d Cir.1939); Tregre v. Kratzer, 148 So. 271 (La. App. 1st Cir.1933). Previously, the Employer’s Liability Act required that an employee be engaged in a hazardous business or occupation at the time of the accident in order for coverage to apply.[1] The cases cited by the plaintiff hold that farming and gardening operations carried out with hand implements or non-hazardous equipment do not constitute the type of hazardous activities covered by the Employer’s Liability Act. The provisions of the Worker’s Compensation Act in effect at the time of this accident contained no such provision.
The statute in effect at the time of the accident provided coverage for injuries occurring in the course and scope of employment. LSA-R.S. 23:1031.
LSA-R.S. 23:1032 provides in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
LSA-R.S. 23:1035 provided in pertinent part:
The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer’s trade,, business, or occupation ...
The Worker’s Compensation Act also covers minors and provides the exclusive remedy for minors injured or killed during the course and scope of their employment. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Vidrine v. Stewart and Landry, Inc., 424 So.2d 1274 (La.App. 3rd Cir.1982). Therefore, the Worker’s Compensation Act provides the exclusive remedy for the plaintiff unless some exemption could be shown. The jurisprudential exemption for agricultural workers claimed by the plaintiff is no longer found in the provisions of the Worker’s Compensation Act. Therefore, the plaintiff has failed to show that she is exempt from the exclusive coverage of the Worker’s Compensation Act simply because her son was an agricultural worker.
Plaintiff also claims an exemption from the exclusive remedy provided by the Worker’s Compensation Act by claiming that Louis Hale was a private residential householder and that as an employee of such, there is an exemption from coverage under LSA-R.S. 23:1035(B), which provides in pertinent part:
There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services are not incidental to and do not arise out of any trade, business, or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a *873 principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.
Although plaintiff relies upon LSA-R.S. 23:1035(B), that statute had not been enacted into law at the time this accident occurred. However, prior jurisprudence has held that an injured employee of a private householder who is not employed in the trade, business or occupation of the householder is not covered by worker’s compensation. Edwards v. Stafford, 153 So.2d 106 (La.App. 1st Cir.1963); Prater v. Sun Indemnity Co. of New York, 38 So.2d 663 (La.App. Orleans 1949).
Assuming that either the statutory or jurisprudential exception from worker’s compensation coverage is applicable to this case, the plaintiff still could not claim the exception. It is well settled that in considering whether an exception of no cause of action should be sustained, the exception must be decided on the face of plaintiff’s petition alone and all well-pleaded allegations of fact therein are considered as true. Plaintiff’s petition contains no allegation that Louis Hale was a private residential householder or that the decedent was performing labor, work, or services in connection with the private residential premises of the householder. In fact, plaintiff’s original petition alleges that the decedent was on the premises “for the enhancement of the business of Louis Hale,” and in her amended petition, plaintiff alleges the decedent died “while performing farming operation duties.” On the face of plaintiff’s pleadings, it is clear that the decedent was not engaged in work at a private residence for a private householder at the time of the accident. Therefore, the plaintiff has failed to show an exemption from coverage of the Worker’s Compensation Act under prior jurisprudence or the exemption provided by LSA-R.S. 23:1035(B).
Plaintiff makes a further, related argument in contending that the Worker’s Compensation Act should not apply because Louis Hale was not a commercial farmer and therefore the decedent was not killed in the course of the trade business or occupation of his employer. Plaintiff’s argument is erroneous. On the face of the pleadings, there is no showing that Hale was not a commercial farmer. Actually, as mentioned above, the petition refers to the “business of Louis Hale.”
DEPENDENCY
The trial court was correct in finding that plaintiff’s exclusive remedy was under the Worker’s Compensation Act. Louis Hale argued that under the provisions of the act in effect at the time this accident occurred, the plaintiff was required to show that she was at least partially, economically dependent upon the decedent in order to recover. Plaintiff alleges the accident occurred April 22, 1978. Plaintiff originally filed suit on April 23, 1979. At that time, LSA-R.S. 23:1231 provided:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefits of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
LSA-R.S. 23:1251 provides:
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
*874 (2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
A claimant other than a spouse or child of the decedent is required to show dependency on the decedent’s financial contributions. McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971); Champagne v. Waguespack, 461 So.2d 429 (La.App. 5th Cir.1984); Castle v. Prudhomme Tank Truck Line, Inc., 417 So.2d 1205 (La.App. 1st Cir.1982) writ denied 422 So.2d 428 (La.1982).
As stated above, in considering whether an exception of no cause or right of action should be sustained, the exception must be decided on the face of the plaintiffs petition.
The plaintiff in the present ease failed to allege her dependency, totally or partially, upon the decedent. Therefore, the trial court was correct in finding that the plaintiff, in her petition, failed to state a right of action for recovery. For that reason, the trial court was correct in sustaining the exception of no right of action filed by Louis Hale.
CONCLUSION
For the above stated reasons, we affirm the trial court judgment sustaining the exception of no right or cause of action filed by the defendant, Louis Hale.
AFFIRMED.

. La. Act 20 of 1914 § 1, paragraph 2, formerly stated that the act applied to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation in certain specified hazardous trades, businesses and occupations.