GARRISON, Judge.
Kevin Anderson, individually and as administrator of the estate of the minor, Tristone Devone Anderson, has appealed a summary judgment dismissing this suit against St. Bernard Parish, St. Bernard Parish Police Jury, members of the Police Jury, Kelly Nicosia, Sr., Ford Motor Company, Brud Guidry, Lee Tractor Company, Inc., and Great Plains Insurance Company. On March 1, 1989, this case was consolidated with that of Kevin Anderson, et al v. Chicago Insurance Company, defendant being the excess and umbrella insurance carrier for the St. Bernard Parish Police Jury. The facts in the cases are identical.
The suit arose out of an accident which occurred in 1984. The appellant was employed and working as a grass cutting tractor operator for the St. Bernard Parish Police Jury. On May 10, 1984, while cutting grass on non-parish property, the appellant was thrown from his tractor which continued to move, resulting in the amputation of a leg and a portion of a foot.
The appellant now appeals, asserting that the trial court erred in granting the defendants’ motion for summary judgment. Specifically that the trial court erred in failing to find genuine issues of material fact and in failing to find individual members of the Police Jury and Brud Guidry were not in the “normal” course and scope of their employment at pertinent times.
It is well settled in Louisiana that an employer and co-employees are immune *538 from tort liability to an employee that is injured in the course and scope of his employment. LSA-R.S. 23:1032; Bazley v. Tortorich, 397 So.2d 475 (La.1981); Hamm v. Precision Rebuilders, Inc., 470 So.2d 308 (La.App. 5th Cir.1985). The exceptions to this rule are where the injury is the result of an intentional act or when the person who caused the injury was not engaged in the normal course and scope at the time of the act which causes the injury. Bazley v. Tortorich, supra; Tedder v. F.M.C. Corp., 590 F.2d 115 (5th Cir.1979); McAdams v. Black & Decker Mfg. Co., 395 So.2d 411 (La.App. 3rd Cir.1981).
It is clear from the record that the appellant was, at all pertinent times, acting within the course and scope of employment for defendants. He was acting on orders from his employer, working in the capacity for which he was hired, thus in the course and scope of his employment. Reynolds v. Be-Neat Tank Cleaning Corporation, 425 So.2d 881 (La.App. 4th Cir.1983); Robinson v. F. Strauss & Son, Inc., 481 So 2d 592 (La.1986). Appellant has presented no evidence to the contrary.
The bulk of the appellant’s argument rests on the assertion that the defendants were not acting within the “normal” course and scope of their employment, thus exempting them from tort immunity. Paragraph 3 of Louisiana Revised Statute 23:1032 states:
“The immunity from civil liability provided by this section shall not extend to: 7. Any officer, director, stock holder, partner, employee of such employer or principal who is not engaged at the time of injury in the normal course and scope of his employment... ” [emphasis added].
The defendants, argues appellant, were not within the “normal” course and scope of their employment, and are thus not covered under tort immunity, as their work order to appellant was for private not parish property and was not cleared as prescribed by St. Bernard Parish ordinance Chapter 9, Article 7, Section 9-2, “Permissible work on Private Property with Police Jury Resources.” [1] In other words, appellant asserts that proper procedures for authorizing the work were not followed and that this constitutes a violation of the law which brings the defendants outside the normal course and scope of employment as provided in LSA-R.S. 23:1032, paragraph 3.
A very similar argument was made by a plaintiff in Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). Here River Parish Maintenance, Inc., (RPM), employed a minor in contravention of the Child Labor Laws. The minor was seriously injured and sued RPM arguing that remedy in tort was not precluded by the Louisiana Workers Compensation Act due to their unlawful behavior. Defendants filed a motion for summary judgment/no cause of action.
In holding that worker’s compensation was plaintiff's only remedy, the court in Mott, supra, referred to 23:1035 which states as follows:
“The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business or occupation, or in the course of his employer’s trade business or occupation ...”
Thus, the court rejected plaintiff’s argument, finding that while an employer may have acted contrary to Child Labor Laws the employee could not sue him in tort. *539 Mott, supra. See also Cortez v. Hooker Chemical and Plastics Corp. 402 So.2d 249 (La.App. 4th Cir.1981) and Brown v. P.S. & Sons Painting, Inc. 680 F.2d 1111 (5th Cir.1982).
Appellant in this case states that the failure to follow legislation results in the action of the members of the police jury being outside the “normal” course and scope of business. However, compare the case with McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir.1980), where a state employee sued both his employer and co-employee for injuries sustained in an automobile accident. In his claim against the co-employee, the injured worker argued that the legislature attempted to limit the ambit of immunity from tort liability provided by LSA-R.S. 23:1032 when they inserted the adjective “normal.” The court held: “If we adopt McGuire’s argument, we will open ‘another amorphous loophole’ which we believe would not be consistent with the legislative intent to restrict tort liability for co-employees and providing for recovery by worker’s compensation,” supra at 679.
The very nature of worker’s compensation should be kept in mind when resolving issues such as this. The court stated the following about the statutes in Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.1980):
... is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation. It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies. Malone, Louisiana Workmen’s Compensation, Sec. 361 (1951) (footnote omitted).
The trial court s judgment was correct. The appellant was clearly in the course and scope of his employment when injured, as were the members of the Police Jury. The fact that they may or may not have been acting in contravention to the aforementioned statute will not serve to thwart the Workman’s Compensation statutes and the legislative intent behind them. The defendants are immune from suit in tort in this instance as proscribed by statute.
AFFIRMED.

. "(a) If and when circumstances demand trimming, cutting, excavation, filling or the removal of trash and debris on any private property within the jurisdictional boundaries of the parish; to promote drainage and/or mosquito control operations, the Parish Engineer or director of mosquito control shall certify that such projects are in the interest of public health, safety and welfare prior to the expenditure of Police Jury resources on said project, (b) If a resident requests the expenditure of Police Jury resources on such persons’ property and states what problems exist, the job description establishing the location, type of work performed, material used, etc. must be submitted to the Parish Engineer or director of mosquito control, and if it is determined that it would be in the interest of public health, safety and welfare to expend Police Jury resources on such problems, then the appropriate agency will be contacted and directed to perform the required work." [emphasis added]