GARRISON, Judge.
Plaintiff, Frank Rachal, appeals a summary judgment in favor of defendant, the City of New Orleans (the City). He was employed as a laborer by Handiman Industrial Services, which was under contract to provide periodic grounds maintenance for the Audubon Park Commission. While on this assignment in July, 1981, plaintiff was thrown from a truck and sustained serious injury.
Plaintiff filed suit against several defendants, including the Audubon Park Commission and the City. On a motion for summary judgment, the Audubon Park Commission was found to be plaintiff’s statutory employer under LSA-R.S. 23:1061, and the tort action against it was dismissed. This court upheld that ruling in Rachal v. Audubon Park Commission, 467 So.2d 1281 (La.App. 4th Cir.1985). The City subsequently filed a motion for summary judgment on the grounds that it, through the Audubon Park Commission, also was the plaintiff’s statutory employer. The trial court ruled that the Audubon Park Commission is an agency and municipal commission of the City and granted the City’s motion. After considering the pleadings, affidavits and applicable law, we reverse.
The court below relied upon affidavits which alleged that the Audubon Park Commission looked to the City for its employees’ pay, insurance benefits and worker’s compensation benefits. Even if those affidavits are taken as true, the facts alleged in the affidavit do not necessitate a conclusion that the plaintiff is not in a position on a motion for summary judgment to develop other considerations which weigh against such a finding.
Even assuming argendo, that the Commission does have this subsidiary relationship with the City, there still remains the question of whether that “relationship” would extend Audubon’s statutory employer status to the City, although the City obviously cannot independently meet the Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) test.
Without more, we cannot agree that there is no genuine issue as to a material fact, and that mover is entitled to a judgment as a matter of law.
For these reasons, we reverse the trial court judgment granting the motion for summary judgment filed by the City of New Orleans. This case is remanded to the trial court for trial on the merits.

REVERSED AND REMANDED.

WILLIAMS, J., dissents with reasons.