283 So.2d 279 (1973)
W. C. MESSER, as Curator of the Interdict, Kenneth John Messer
v.
BAGWELL COATINGS, INC., et al.
No. 9448.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied September 25, 1973.
*280 George R. Covert, Baton Rouge, for appellant.
Anthony J. Clesi, Jr., Baton Rouge, for La. Electric Coop.
Carey J. Guglielmo, Baton Rouge, for Bovay Engineers.
Robert J. Vandaworker, Baton Rouge, for Riley Stoker Corp.
Neil Mixon, Jr., Baton Rouge, for Bagwell Coating, Inc.
John S. White, Jr., Baton Rouge, for Burns & McDonnell & Maryland Cas. Co.
Before LOTTINGER, ELLIS and CRAIN, JJ.
ELLIS, Judge:
This is a suit in tort by W. C. Messer, as curator of the interdict, Kenneth John Messer, his son, and alternatively as natural tutor, seeking damages for personal injuries suffered by Kenneth on May 9, 1972, at which time he was 17 years of age. Defendants are Bagwell Coatings, Inc., Riley Stoker Corporation, Bovay Engineers, Inc., Burns & McDonnell Engineering Company, Maryland Casualty Company, Burns' insurer, and Louisiana Electric Co-Operative, Inc. Exceptions of no cause and right of action were filed by all defendants. After argument, the exceptions filed by Bagwell, Riley and LECO were sustained, and judgments were signed dismissing the suit as to them. From the judgments dismissing the suit as to Bagwell and LECO, plaintiff has appealed.
The petition alleges that young Messer, then aged 17 years, was employed by Bagwell performing painting work on a building being constructed by LECO. He was injured when a scaffold on which he was working collapsed, causing him to fall some 80 feet to the ground.
The exceptions filed by Bagwell and LECO are to the effect that plaintiff's sole remedy against them is in Workmen's Compensation, and that he therefore has no cause of action in tort.
With respect to Bagwell, plaintiff points out that Kenneth was employed in an occupation prohibited to persons under the age of 18 by the Child Labor Law, R.S. 23:151 et seq., particularly R.S. 23:161. It is claimed that any employment contract made in violation of the provisions of the Child Labor Law is void, and that, in the absence of a valid contract of employment, there can be no coverage under the Workmen's Compensation Act.
The question presented has already been decided by this court in Matthews v. Buff Hottle Shows, 109 So.2d 261 (La. App. 1 Cir. 1959), in which we held that, since 1948, the Workmen's Compensation Act has been the exclusive remedy, against the employer, of a minor injured in the course and scope of his employment, even though illegally employed in a hazardous business in contravention of a prohibitory law. To the same effect are Estaves v. Faucheux, 111 So.2d 802 (La.App.Orl. 1959), and McLaughlin v. Boykin, 127 So. 2d 86 (La.App. 4 Cir. 1961). The exception was properly maintained.
Louisiana Electric Co-Operative bases its exception on its alleged status as a statutory employer, under the provisions of R.S. 23:1061, the pertinent part of which provides:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which *281 he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ..."
It further alleges that it specifically has the power, under R.S. 12:403, to construct and maintain electric generating plants, buildings, structures, and other facilities, and that work being carried out by Bagwell was therefore part of LECO's trade, business and occupation.
Plaintiff argues that, unless it is shown that LECO in fact constructed and maintained its facilities, it cannot claim such activities to be part of its trade, business or occupation, even though it may be authorized to conduct such activities.
This question has also been decided adversely to plaintiff's position by this court in Richard v. National Surety Corporation, 99 So.2d 834 (La.App. 1 Cir. 1957), and by the Fourth Circuit in Gray v. Louisiana Power and Light Company, 247 So.2d 137 (La.App. 4 Cir. 1971). In the latter case, the court said:
"The LP & L Company is specifically authorized by its charter to use, manufacture and produce not only electricity but the means to transmit it to its users. The fact that it may not choose to exercise the right to build any or all of its own facilities in transmitting the electricity, as these towers and foundations, but rather contract with another will not exempt them from the provision of LSA-R.S. 23:1061."
The judgments appealed from are therefore affirmed, at plaintiff's cost.
Affirmed.