548 So.2d 358 (1989)
Joyce Pierce EWERT, et al., Plaintiff-Appellee,
v.
GEORGIA CASUALTY & SURETY CO., et al., Defendants-Appellants.
No. 87-1417.
Court of Appeal of Louisiana, Third Circuit.
August 16, 1989.
Writ Denied November 17, 1989.
*359 Kinney & Marshall, Wm. S. Marshall, Jr., New Orleans, for defendants-appellants.
Raleigh Newman, Lake Charles, and Jones, Jones & Alexander, J.B. Jones, Cameron, for plaintiff-appellee.
Before FORET, DOUCET, YELVERTON, KNOLL and KING, JJ.
YELVERTON, Judge.
The issues presented by this appeal arise from a tort suit and a judgment for personal injury damages in the amount of $260,000, awarded to a minor against his employer for a work-related accident in a logging operation. The issues are three: whether the trial court erred (1) in awarding tort damages and not confining the minor to a remedy in workers' compensation, (2) in finding that the minor was free of contributory negligence, and (3) in making an excessive award. We find no error in the judgment, and we affirm.
Timothy Pierce, a minor of the age of sixteen, was hired by Bayou Timber Company in its logging operation. He was injured on July 21, 1982, his first day on the job. A tree fell on him. Georgia Casualty and Surety Company insured Bayou Timber. Both were sued in tort on the minor's behalf by his mother, Joyce Pierce Ewert.
We will discuss the three issues raised by the defendants' appeal, beginning with the issue of whether the logging employer in this case is answerable in a suit in tort.
TORT LIABILITY
Louisiana's Worker's Compensation Act (R.S. 23:1021, et seq.) has always provided that its benefits will be the exclusive remedy of an injured employee against his employer. R.S. 23:1032. Prior to 1976, certain exceptions to this rule were recognized, allowing an employee to maintain a negligence action against a co-employee or supervisory personnel of his employer, and consequently, against his employer's general liability insurer, although the employer himself remained immune from tort liability. By Act 147 of 1976, the Louisiana Legislature amended the Act to extend tort immunity to co-employees and supervising personnel, except where the liability of the employer, supervising personnel, or co-employee resulted from an intentional act. The evidence in this case does not support a finding that Ewert's accident was the *360 result of an intentional act. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Until 1948, illegally hired minors were specifically excluded from workers' compensation benefits, but in that year a legislative amendment deleted the limiting words, and thereafter minors were considered covered. Nevertheless, this did not prevent "executive officer" tort suits against the employer's general liability insurer, and such suits were allowed until Act 147 of 1976 mentioned above. See Boyer v. Johnson, 360 So.2d 1164 (La. 1978).
The Child Labor Law in this state makes it illegal for a minor to be employed, permitted, or suffered to work in logging operations. La.R.S. 23:161(9). Ewert was illegally hired in this case, for he was hired to work in logging operations, specifically enumerated as an illegal employment by the statute. Whether there is a distinction between a case where a minor is hired in violation of law, as here, or where he is legally hired but required to perform a task in violation of law, is the first question we have to answer regarding the issue of tort immunity. The second question is whether this distinction, if found to exist, makes enough difference to justify a policy decision that tort immunity does not exist for the one, though it does exist for the other.
In the case of Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La. 1983), our supreme court held that a minor injured while performing a task prohibited by the Child Labor Law was nevertheless covered by the Workers' Compensation Act, and that the benefits under the act were his exclusive remedy. In that case Mott, the minor, was legally hired by River Parish Maintenance, Inc. One day on the job he got herbicide liquid with poisonous chemicals in it on his body while spraying weeds, a prohibited work. When he was dispatched to drive a tractor back to the shop, another prohibited job, the tractor turned over and he was further injured. Mott sued in tort, on the theory that he was not covered by the Workers' Compensation Act. He argued first that the Act does not apply where an employee is injured when caused or permitted to perform a task in contravention of the Child Labor Law, and second that his injuries resulted from the intentional act of his supervisor. The supreme court concluded that there was worker's compensation coverage and that the violation of the Child Labor Law in that case did not constitute an intentional act.
The supreme court stopped short of holding that its views would apply where the hiring itself is in violation of law. It said in a footnote at 432 So.2d, p. 832:
A question has been raised as to whether there is a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law. While there may be some support for such a distinction, we are not here faced with that issue and express no view on it.
This precise issue is now before us. Not only has it not been decided by the supreme court, but also neither has it been directly addressed by any appellate court. A number of cases (e.g. Matthews v. Buff Hottle Shows, Inc., 109 So.2d 261 (La.App. 1st Cir.1959)) have rejected, for one reason or another, the argument that there can be no legal employment relationship where employment is prohibited by law, and the further argument that for this reason the workers' compensation law is inapplicable where a minor is injured on a job. Because of the exclusivity provisions of R.S. 23:1032, the single question has heretofore been whether there was worker's compensation coverage, or not; once this coverage was found, then tort liability was automatically excluded. Messer v. Bagwell Coatings, Inc., 283 So.2d 279 (La.App. 1st Cir. 1973); Vidrine v. Stewart and Landry, Inc., 424 So.2d 1274 (La.App. 3d Cir.1982). No Louisiana court has yet to consider the precise issue of whether the exclusivity provision should be held not to apply to the illegal employment of a minor.
It could hardly be argued that there is not a difference, albeit only one of degree, between the risks likely to be encountered by a minor in illegal employment, as opposed *361 to those likely to be encountered in legal employment where there is only an incidental risk of assignment to an illegal task. The case before us is a prime example of an illegal employmenta logging operation. Hardly any aspect of logging can be imagined that is not fraught with great risk to the inexperienced and immature. On the other hand there are situations, just as in Mott, where the minor is employed in a legal operation, but is requiredperhaps innocentlyto perform a task in violation of law. We have no difficulty concluding that there is a distinction between the two employments.
The other, and more difficult question, is whether this distinction justifies a policy decision to withhold tort immunity in the case of illegal employment. There is considerable support for this proposition.
Two of the justices of our supreme court have indicated in Mott that they would deny tort immunity even in case of legal employment of a minor. See Justice Dennis' dissent in Mott v. River Parish Maintenance, Inc., 481 So.2d 1021 (La.1986), and Justice Lemmon's dissent in the same case reported in 432 So.2d, at p. 833. Both dissents relied on Boyer v. Johnson, supra, and its holding that the Child Labor Law is a basis for civil liability in tort. Justice Dennis was of the opinion that any employment in violation of the Child Labor Law should be regarded as no employment at all for purposes of liability in tort. Justice Lemmon believed that employers who require a minor to perform tasks in violation of the Child Labor Law should be estopped in tort actions from pleading the exclusivity of the compensation remedy. Although the majority in Mott held to the view that workers' compensation is exclusive where there is legal employment, its careful avoidance of the question posed by illegal employment encourages us to believe that the supreme court is prepared to examine the wisdom of a policy decision giving the minor a choice in such a situation.
It appears that approximately half the states do not restrict the illegally employed minor to workers' compensation, but provide more liberal benefits. As listed in 1C Larson, The Law of Workmen's Compensation, § 47.52, 1987 Supp., 8-373, et seq., some twenty states add a penalty, in the form of increased compensation, ranging from 25% to treble, for an injured minor claimant employed in violation of the state's Child Labor Law. Some states give an option to claim workers' compensation or tort damages. Louisiana is listed as one of the states in the minority which restrict the illegally employed minor to workers' compensation.
In Malone and Johnson, La.Civil Law Treatise Workers' Compensation, § 53, the authors in footnote 26, p. 77 cite Matthews v. Buff Hottle Shows, Inc., supra, as the Louisiana solution, but state that it is not as favorable a solution as the result in those jurisdictions which permit the illegally employed minor to elect to proceed in tort if he chooses to do so.
It cannot be disputed that a primary legislative purpose of the Child Labor Law is to protect minors in employment relationships from excessive risk of personal injury. A blanket prohibition against employment in such activities as logging operations fosters that purpose. We have seen in Mott, and the other cases cited in this opinion, that Louisiana jurisprudence holds that even illegal employment contracts are not absolutely null contracts. There is a sound policy reason, however, to hold that the purely illegal contract is relatively null. By holding that the illegal contract is relatively null, we would give the minor the exclusive right to enforce or ignore the contract, at his election.
La.C.C. art. 1919 declares:
A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative.
Unemancipated minors do not have the capacity to contract. La.C.C. art. 1918. Article 2031 says:
A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract *362 that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.
A rule which allows the employer of an illegally employed minor to interpose the exclusive remedy defense to a tort suit is the very opposite of the principles announced in the above civil code articles. It allows the employer to benefit from a contract that has been legislatively condemned. It allows the policy of the worker's compensation immunity provisions to triumph totally over the policy of the Child Labor Law.
This is a case where the workers' compensation policy of employer tort immunity clashes head-on with the policy underlying the Child Labor Law. If one must give way to the other, we believe the Child Labor Law should prevail. Such a result would conform to the principle stated in the above code articles. It would avoid the anomaly of rewarding an employer for illegally employing a minor incapable of contracting. It would give meaning to the legislative prohibition against certain types of employment of minors, while at the same time continuing the protection of exclusivity to employers in those legal employment situations where the minor is merely assigned a prohibited task. Such a rule would not be a burden to employers. All that prospective employers would have to do to avoid tort exposure is exercise simple care to ascertain the age of their employees.
We hold that the plaintiff in this case was properly allowed a remedy in tort.

CONTRIBUTORY NEGLIGENCE
This issue is controlled by the decision in Boyer v. Johnson, supra. That court in effect applied the Child Labor Law to preclude the violating employer from pleading the minor's contributory negligence. We do likewise. As Justice Tate put it in Boyer v. Johnson, the defendant in this case, who violated laws which sought precisely to protect Timothy from his own youth, inexperience, and relative lack of judgment, cannot be heard to assert that these very defects in Timothy's character caused the accident.

THE AWARD
The plaintiff's injuries were a broken right leg, a comminuted fracture of the left ankle, and four compression fractures of the vertebrae. He was hospitalized, in a cast, and on crutches totalling several months. By the time this case was tried Pierce was in college, but he was not doing well either physically or scholastically. His physician estimated a permanent disability, largely because of his back injuries, of 15-20% of the body as a whole. His doctor did not believe that he would be able to do heavy manual labor, repetitive bending, and lifting.
Although he was in his third year of college at the time of trial, he was still only a sophomore and had only thirty hours of credit. Dr. Charles Bettinger, the only economist to testify in the case, made several factual assumptions regarding plaintiff's future. The most conservative of those assumptions produced testimony that plaintiff had already lost $64,500 in earnings, and that he would lose close to $150,000 in lost earnings and the rehabilitative expense of completing college, even if he should succeed in completing his course of study. The trial court found:
The Court was impressed with the detailed, uncontradictory testimony of the economist. Whether plaintiff ever finishes college is speculation, at best. He certainly is way behind schedule in his schooling at this time.
The trial court awarded a total of $260,000 in damages, with legal interest and costs, subject to a credit in favor of defendants for medical and compensation paid.
A review of a damage award is subject to the abuse of discretion rule. This award obviously takes into account pain and suffering, permanent disability, and economic loss. On the evidence presented we find no abuse of discretion in this case.
*363 For the foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
KING, J., concurs for written reasons assigned. I agree completely with the majority opinion and for emphasis, because of the dissenting opinions, concur solely to emphasize that the minor who was illegally employed is being given the option to proceed in either tort or worker's compensation.
DOUCET and FORET, JJ., dissent and assign written reasons.
DOUCET, Judge, dissenting.
The majority in effect holds that when an employer employs a minor in an occupation prohibited by § 23:161 of the Child Labor Laws and the minor is injured in the course and scope of that employment, this creates an exception to the exclusivity and coverage provisions of the Worker's Compensation Act, which provide that the rights and remedies granted to an employee under the Act "shall be exclusive of all other rights and remedies of such employee" and that the provisions of the Act "shall also apply to every person performing services ... in the course of his employer's trade, business, or occupation...." La.R.S. 23:1032 and 23:1035.
While I feel heartfelt sympathy toward the injured minor in the instant case, I must reluctantly dissent. I cannot join in the majority opinion because it makes a distinction between a minor who is initially hired in an occupation prohibited by § 23:161 of the Child Labor Laws, and a minor who is initially hired in an occupation not prohibited and is then injured while performing a task prohibited by § 23:161. The legislature made no such distinction in § 23:161 and I feel it is an infringement on the authority of the legislature for this court to make such a distinction. I do not feel there is compelling legislative or jurisprudential support for such a distinction.
The Louisiana Supreme Court in Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983) held that in a case where a minor was initially hired in an occupation not prohibited by § 23:161 of the Child Labor Laws but was injured while performing a task prohibited by that Section, worker's compensation was the minor's exclusive remedy, and the employer was exempt from liability in tort. However, the Court in a footnote made this observation:
"A question has been raised as to whether there is a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law. While there may be some support for such a distinction, we are not here faced with that issue and express no view on it."
The majority seizes upon this language as an express and positive limitation of the Court's holding in Mott, which justifies the creation of an exception to the exclusivity and coverage provisions of the Worker's Compensation Act. I do not agree.
The provisions of the Child Labor Law pertinent to this issue are as follows:
" § 161. Minors; prohibited employments
Minors, except those indentured as apprentices in accordance with Chapter 4 of this Title, shall not be employed, permitted, or suffered to work:

* * * * * *
(9) In logging operations;
(10) As a driver of any motor vehicle used for commercial or industrial purposes, except for those minors who are sixteen years of age or older and who drive a motor vehicle of no more than two axles for incidental, occasional, or delivery purposes;

* * * * * *
(12) In spray painting or in compounds involving exposure to lead or its compounds, or to dangerous or poisonous dyes and chemicals; * * *" (Emphasis added)
The minor in Mott, supra, was employed to clear a levee of weeds. In the course of that employment he was required to spray dangerous chemicals and to drive a tractor, and was injured while performing these *364 prohibited tasks. In the instant case, the minor was employed in a logging operation and was injured in the course of that prohibited employment.
While the plaintiff in Mott was not hired specifically to spray dangerous chemicals or to drive a tractor, it is clear that he was "permitted, or suffered to work ... in occupations involving exposure ... to dangerous or poisonous ... chemicals," and "as a driver of any motor vehicle used for commercial or industrial purposes...." Thus, the defendant in Mott violated the same section of the Child Labor Laws as the defendants in the instant case.
From the above quoted language of § 23:161 it is clear that the language of the statute makes no distinction with regard to whether a minor is employed to work at a prohibited task, or only permitted or suffered to work at that task. The wording of the statute makes "employed," "permitted," and "suffered" equal, so that violations of the statute by any of the three enumerated means are all equal violations of the statute. Thus, the violation of the statute in the instant case is equal to the violation of the statute in Mott, supra, and Mott should control.
Additionally, the plaintiff in Mott argued that even though § 1035 of the Worker's Compensation Act provides that the Act applies to "every person," the provision did not apply to minors who are performing tasks which are prohibited by the Child Labor Law, and that it only applied to services which are being performed legally. The Supreme Court found this argument to be without merit. The court reasoned that the intent of the legislature was to include minors within the coverage of the Worker's Compensation Act because, when major revisions to the Act were made in 1975 making the Act compulsory rather than elective, no change was made to § 1035 of the Act. The Court stated in Mott, supra, at 831, as follows:
"La.R.S. 23:1035, providing for coverage under the act, states that the act is applicable to `every person' with no indication whatsoever that it did not apply to minors, legally or illegally employed. Furthermore, since the appellate courts had, between 1948 and 1975, rendered numerous decisions holding that the act did apply to minor employees who were below the minimum age prescribed by law for employment in certain trades or to do certain jobs, use of the term `every person' in the coverage provision must have been with the intent that such minors remain covered under the act." (Emphasis added)
For the foregoing reasons, I do not feel that there is compelling legislative or jurisprudential support for the distinction drawn in the majority opinion, and, therefore, I respectfully dissent.
FORET, Justice, dissenting.
I concur with the language of the dissent of Judge Doucet.
However, I file this separate dissenting opinion to emphasize that the child labor law statute contains its own penalty provision, although I admit that the penalty in this day and time may seem anachronistic. Nonetheless, this is the penalty imposed by the legislature for violation of the child labor law statute. It creates no other penalty.
The majority here has fashioned a cause of action of a punitive nature which is not authorized by any law that I know of. Louisiana courts are not permitted to, and indeed should not, glibly create causes of action for damages which are not founded on legislation. There is simply no legislation, as observed in Judge Doucet's dissent, upon which the majority decision in this matter can be based. The unfortunate dictum in the Mott case is not legislation and should not be a basis for the majority's decision in the case before us.
Further, the majority's relying on La. C.C. art. 1919 and art. 2031 also seems to me to be error in the applying of those articles to the case at hand. These are general legislative pronouncements; it is hornbook law that special laws such as the child labor law and the Louisiana worker's compensation laws are special enactments which modify and take precedence over the *365 general pronouncements of law as found in the Civil Code.
I am also concerned about the possibility that if the majority decision is allowed to stand, that all of the traditional common law defenses, contributory negligence (now comparative negligence), fault of another employee, etc., etc., can be brought to bear, and the minor, instead of being benefited by the rule of the majority opinion, may be put at a serious disadvantage by being found totally at fault in the accident, and totally barred from recovery of any benefits whatsoever, or partially at fault, or injured through the negligence or fault of a fellow employee, or being comparatively negligent and being able to recover but a small amount of what he would recover under the worker's compensation laws.
To sum it up, assuming arguendo that the majority decision is correct, it could very well create many more problems for the minor than it cures.