646 So.2d 441 (1994)
Deven E. NOBLE
v.
BLUME TREE SERVICES, INC., Mark Longuepee, and Jeffrey B. Wascome.
No. 94CW0589.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
Writ Denied February 17, 1995.
*442 J.J. McKernan, Baton Rouge, for plaintiff-respondent.
Sidney W. Degan, III, New Orleans, for defendant-relator, Blume Tree Services.
Before EDWARDS, SHORTESS and LeBLANC, JJ.
SHORTESS, Judge.
Deven E. Noble (plaintiff) was struck by a truck operated by Mark Longuepee, a co-employee, while flagging traffic for Blume Tree Services, Inc. (defendant). Plaintiff filed suit in tort against defendant, Longuepee, and Longuepee's supervisor, Jeffrey B. Wascome. Defendant moved for summary judgment on the ground that plaintiff's exclusive remedy was in worker's compensation. The trial court denied the motion, finding a material fact as to whether plaintiff's employment was illegal.[1] We granted supervisory writs in this matter to review the trial court's denial of that motion.[2]
The parties stipulated, for the purposes of this motion only, that plaintiff was hired in violation of Louisiana Revised Statutes 23:161(8) and (10),[3] and that plaintiff was in the course and scope of his employment at the time of the accident. The parties do not dispute that at the time of the accident, plaintiff was flagging traffic. Revised Statute 23:161 does not prohibit minors from engaging in this activity. Thus, the legal issue presented herein is whether a minor hired illegally but performing a legal job at the time of his injury is barred from bringing suit in tort by the exclusivity provisions of the Louisiana Worker's Compensation Law, Louisiana Revised Statutes 23:1032(A) and (B).
Prior to 1948 minors who were employed illegally were specifically excluded from coverage under the Worker's Compensation Law.[4] The result was that minors who were grievously injured through their own negligence while employed in hazardous occupations were denied any form of recovery. The courts decried this result but found this "was a matter which addressed itself to the Legislature and not to the Courts of this State." Honeycutt v. National Auto. & Cas. Ins. Co., 41 So.2d 119, 121 (La.App.2d Cir.1949). See also Zumo v. Cavin, 43 So.2d 92 (La.App. 1st Cir.1949); Kennedy v. Johnson Lumber Co., 33 So.2d 558 (La.App.2d Cir.1947).
The legislature amended the Worker's Compensation Law in 1948 to delete the exclusion of coverage for illegally employed minors. The Orleans Circuit, in Estaves v. Faucheux, 111 So.2d 802, 806 (La.App. Orl.Cir.1959), stated the legislature intended to make it possible for illegally employed minors to recover worker's compensation if the circumstances and facts so justified. The court stated that "though the Legislature did not approve of the employment of minors in certain occupations and at certain times, nevertheless the employers should not be permitted to shield themselves against a compensation claim by pleading the illegal employment *443 of the minor."[5] The Louisiana Supreme Court agreed with the Orleans Circuit's interpretation of legislative intent, stating in Mott v. River Parish Maintenance, 432 So.2d 827, 831 (La.1983), that "the deletion of the previous provision excluding minors from coverage ... evidence[d] the legislative intent to include minors, whether employed in violation of law because of their age or not, within the coverage of the worker's compensation act."
Major revisions were made to the Worker's Compensation Law in 1975, but the legislature did not change the definition of covered persons. The Mott court stated that in doing so "the Legislature reaffirmed its intent to include all minors within the coverage of the act." Id. (Emphasis added.)
Plaintiff contends that despite the legislative intent, there can be no coverage under worker's compensation if there is no employment contract. He contends that he was a minor with no capacity to contract at the time he entered employment with defendant, that the contract was thus a relative nullity, and that he chose to annul the contract when he filed this tort action. See La.C.C. arts. 1918 and 2031.
This argument is not a novel one. In Matthews v. Buff Hottle Shows, 109 So.2d 261 (La.App. 1st Cir.1959), the plaintiff argued that "an attempt to contract in contravention of a prohibitory law was void ab initio," that plaintiff was not competent to contract under the Louisiana Civil Code, and that it "could not have been the intent of the legislature to apply Workmen's Compensation Law to instances wherein no contract of employment existed...." Id. at 263-264. This court rejected that argument, citing Bourgeois v. J.W. Crawford Constr. Co., 213 La. 992, 36 So.2d 13 (La.1948).
Bourgeois was decided under pre-1948 law in which a person employed in a hazardous business had the right to elect worker's compensation coverage. The employer contended an employment contract electing worker's compensation coverage was required. However, the supreme court stated that the confection of such a contract is not required for the compensation law to be applicable, and that if there is no agreement to the contrary, the court would presume the worker elected compensation coverage.
The Matthews court recognized the precise issue in Bourgeois was somewhat different from the issue before it. However, it found Bourgeois conclusively answered negatively the question of whether an employment contract was required before coverage was afforded under the Worker's Compensation Law. This issue arose again in Messer v. Bagwell Coatings, 283 So.2d 279 (La.App.1st Cir.1973); the plaintiff contended the employment contract was void and thus there could be no compensation coverage. This court again rejected that argument, holding that worker's compensation was the exclusive remedy of a minor employed in a hazardous occupation in contravention of prohibitory law.
The Louisiana Supreme Court has never directly addressed the issue of whether an illegally hired minor who is performing a legal task at the time of his injury is covered by worker's compensation. In Mott v. River Parish Maintenance, the court was faced with the converse situation, i.e., a legally hired minor performing an illegal task at the time of his injury. The court found defendant's violation of the child labor law did not take the plaintiff outside the compensation act. Mott, 432 So.2d at 832. However, the court expressly declined to address the issue of coverage for the illegally hired minor, stating:
A question has been raised as to whether there is a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law. While there may be some support for such a distinction, we are not here faced with that issue and express no view on it.
Id. at 832 n. 5.
The third circuit, in Ewert v. Georgia Casualty & Surety Co., 548 So.2d 358 (La. *444 App.3d Cir.), writ denied, 551 So.2d 1339 (La.1989), seized upon this footnote when faced with a case involving an illegally hired minor performing an illegal task at the time of his injury. The court noted some states provide more liberal worker's compensation benefits to illegally employed minors, while others give the injured minor an option to claim worker's compensation or tort damages. Based on policy considerations, the court decided to allow minors to enforce or ignore the contract, at their option, by holding that an employment contract entered into in violation of the child labor laws is relatively null. Thus, the plaintiff in Ewert was allowed to annul the employment contract and proceed in tort.
Plaintiff contends the footnote in Mott "tacitly overruled" Matthews, Messer, and the other cases authored by this court which hold that the exclusive remedy of an illegally hired minor is worker's compensation.[6] Thus, plaintiff argues, we are free to follow Ewert. However, we do not read the Mott footnote so broadly.
The Ewert decision was criticized by the two judges who dissented from that opinion. Judge Doucet noted there is no legislation upon which that decision can be based and that it infringes on the authority of the legislature. 548 So.2d at 363. Judge Foret labeled the Mott footnote "unfortunate dictum." He noted that the majority "has fashioned a cause of action of a punitive nature" and added: "Louisiana courts are not permitted to, and indeed should not, glibly create causes of action for damages which are not founded on legislation." 548 So.2d at 364.
As the supreme court noted in Mott, the legislature intended to provide worker's compensation coverage for all minors, whether legally employed or not, when it deleted the provisions excluding coverage for illegally hired minors in 1948, and it reaffirmed that intention in 1975. We may not ignore that intent and the long-settled jurisprudence of this circuit to legislate punishment in this type case. Even if that were within our power, we would not be inclined to do so in a case such as this where the minor was injured while performing a legal task.[7]
For the foregoing reasons, we hold that a minor who is hired in violation of the Louisiana child labor laws, but who is injured while performing a task permitted by those laws, may not recover in tort but is limited to worker's compensation as his exclusive remedy. The trial court committed legal error in denying defendant's motion for summary judgment. We hereby reverse that finding *445 and render judgment in favor of defendant, Blume Tree Services, Inc., dismissing this suit at plaintiff's cost.
WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT RENDERED DISMISSING PLAINTIFF'S SUIT.
NOTES
[1] The trial court attempted to distinguish between illegal "employment" and illegal "hiring."
[2] Although the motion was filed on behalf of all three defendants, the judgment denying the motion refers only to Blume Tree Services, Inc. All three defendants are named in the application for supervisory writs, but only the judgment affecting Blume is properly before this court.
[3] Those statutes prohibit the employment of minors "[i]n the operation of power-driven woodworking machines ..." or as drivers of commercial or industrial vehicles. Defendant initially disputed whether the position for which plaintiff was hired fit either of those categories.

The parties also dispute whether defendant actually knew plaintiff's true age when he was hired. Plaintiff was seventeen years, three months old when he applied for employment with defendant. Although he was born in 1973, his employment application states he was born in 1972. This question of fact is not material to our determination of this case.
[4] At that time, the law was known as the Employers Liability Act, but it will be referred to herein by its current title.
[5] The court noted that in that case the employer was pleading worker's compensation coverage as a shield to tort liability, but stated that it was necessary that the compensation statute, where applicable, be held to be exclusive.
[6] See Smith v. Bankston, 75 So.2d 880 (La.App. 1st Cir.1954); Ballard v. Stroube Drug Co., 19 So.2d 593 (La.App. 1st Cir.1944).
[7] We further note that in its seemingly simple solution to the policy dilemma of "the workers' compensation policy of employer tort immunity clash[ing] head-on with the policy underlying the Child Labor Law," the Ewert court may have overlooked several codal provisions, the nuances of which may interfere with the application of its solution. The following are some examples.

(1) If a legal employment contract is required before there can be compensation coverage, arguably an illegally employed minor injured solely through his own negligence might never be able to recover compensation. A contract to employ a minor in a hazardous occupation is against public policy and a violation of a prohibitory law. If such a contract is considered a violation of a rule of public order, it is absolutely null and may not be confirmed. La.C.C. art. 2030.
(2) If the employment contract is relatively null, it may be tacitly confirmed by the voluntary performance of the obligation. La.C.C. art. 1842. Where, as here, a minor returns to work for the same employer after reaching majority, he may be found to have tacitly confirmed the contract.
(3) An emancipated minor, including one emancipated by marriage, has the capacity to enter into an employment contract, see La.C.C. arts. 1918 and 1922, although he cannot be legally employed for certain tasks under the child labor laws.
(4) A contract may not be rescinded on the grounds of incapacity when "made for the purpose of providing the minor with something necessary for his support or education, or for a purpose related to his business." La.C.C. art. 1923. There is no case law on the issue of whether a minor who is providing his own support through his employment income may rescind his employment contract based on his minority.
(5) A relatively null contract may not be rescinded when the other party reasonably relied on the minor's representation of majority. La. C.C. art. 1924. Where, as here, a plaintiff misstates his age on the employment application, the minor cannot recover in tort if the employer can show he reasonably relied on the minor's representations.