774 So.2d 1148 (2000)
Allan PATTERSON, Plaintiff-Respondent,
v.
MARTIN FOREST PRODUCTS, INC., et al., Defendants-Respondents,
Pennsylvania Lumbermens Mutual Insurance Company, Defendant-Applicant.
No. 34,258-CW.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2000.
*1149 Provosty, Sadler & Delaunay by David Richard Sobel, Alexandria, Counsel for Defendant-Applicant, Pennsylvania Lumbermens Mutual Inc.
Flournoy, Doggett & Losavio by Maria Anna Losavio, Alexandria, Counsel for Plaintiff-Respondent, Allan Patterson.
McLure & Pickles by John G. McLure, Alexandria, Counsel for Defendants-Respondents, Martin Forest Products and Daniel Wyatt.
Gist, Methvin & Hughes by Paul M. LeFleur, Alexandria, Counsel for Defendant, La. Safety Assoc. of Timbermen Self-Ins. Fund.
Before NORRIS, BROWN and PEATROSS, JJ.
BROWN, J.
Following the trial court's denial of its motion for summary judgment, defendant, Pennsylvania Lumbermens Mutual Insurance Company, filed an application for supervisory writs which was granted by this court. The sole issue for our review is whether the trial court erred in denying summary judgment based upon its finding that plaintiff, Allan Patterson, could pursue a tort claim against his employer, Martin Forest Products, for injuries arising out of an accident that occurred while he was working in contravention of the Child Labor Law, La. R.S. 23:151 et seq.[1] Finding no error, we affirm.

Facts and Procedural Background
At the request of his father, a foreman for defendant, Martin Forest Products, plaintiff, Allan Patterson, was hired by the elder Patterson's employer days after his seventeenth birthday. Allan's employment at the saw mill was expressly prohibited by La. R.S. 23:161(7) and (9), which provides in pertinent part that minors (with an exception inapplicable to this case) shall not be employed, permitted or suffered to work in or about saw mills or in logging operations.[2]
On April 4, 1996, while removing sticks from the bark conveyor in the "hole," Allan sustained serious injuries to his hand when it became tangled in the intake hogfeeder. All of Allan's medical bills were paid by the self-insured workers' compensation group to which Martin Forest Products *1150 belonged. Additionally, Allan was paid workers' compensation benefits for nine weeks.
Thereafter, Allan filed suit against defendants, Martin Forest Products; Daniel B. Wyatt, vice-president of Martin Forest Products; and, Pennsylvania Lumbermens Mutual Insurance Company ("PLM"), the mill's general liability insurer, seeking redress in tort based upon the fact that Allan's hiring was in violation of the Child Labor Law.
Martin Forest Products and Wyatt filed a motion for summary judgment, urging that Allan's exclusive remedy was workers' compensation. Thereafter, PLM filed a motion for summary judgment, urging that, as the mill's general liability insurer, they should be dismissed from the action because Allan's claim is solely based in workers' compensation and their policy clearly excludes coverage for workers' compensation claims. The trial court denied both motions. PLM's application for writs was granted by this court.[3]

Discussion
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Our review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant or denial of summary judgment. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2257 (La.02/29/00), 755 So.2d 226; Richardson ex rel. Brown v. Lagniappe Hospital Corp., 33,378 (La.App. 2d Cir.05/15/00), 764 So.2d 1094.
The issue in this case, i.e., whether Allan's status as a minor allows him to opt out of the exclusivity provisions of Louisiana's workers' compensation act and bring a suit in tort, is an issue of law rather than an issue of fact. Furthermore, it appears that the facts underlying Allan's claim are undisputed.
Louisiana's Child Labor Law specifically provides that it is illegal for a minor to be employed, permitted or suffered to work in or about saw mills or in logging operations. La. R.S. 23:161(7) and (9). Several courts, including our supreme court, have addressed the issue of the remedy available to a minor hurt while illegally employed and/or performing illegal job tasks.
Until 1948, minors under the minimum age of legal employment were excluded from coverage under the workers' compensation act. Whitman v. Central Surety & Insurance Corp., 41 So.2d 116 (La.App. 2d Cir.1949); Kennedy v. Johnson Lumber Co., 33 So.2d 558 (La.App. 2d Cir.1947); Zumo v. Cavin, 43 So.2d 92 (La.App. 1st Cir.1949). In that year, a legislative amendment deleted the limiting words and thereafter minors were considered covered by workers' compensation. Messer v. Bagwell Coatings, Inc., 283 So.2d 279 (La. App. 1st Cir.1973); Estaves v. Faucheux, 111 So.2d 802 (La.App.Orleans 1959); Matthews v. Buff Hottle Shows, Inc., 109 So.2d 261 (La.App. 1st Cir.1959).
In Mott v. River Parish Maintenance, 432 So.2d 827 (La.1983), a legally hired minor was injured while performing a job task prohibited by the Child Labor Law, i.e., spraying herbicide to clear the levee of weeds and driving a tractor. The supreme court held that the minor was covered by the workers' compensation act and that its benefits were the minor's exclusive remedy. The court in Mott did not address the issue of a minor whose very employment was violative of the Child Labor Law. This question was considered by the Third Circuit in Ewert v. Georgia Casualty & Surety Co., 548 So.2d 358 (La.App. 3d Cir.1989), writ denied, 551 So.2d 1339 (La. 1989).
*1151 In Ewert, supra, sixteen-year-old Timothy Pierce was hired by Bayou Timber Company in its logging operation and was injured his first day on the job. On Timothy's behalf, his mother filed suit in tort against his employer and its insurer. After a $260,000 judgment in favor of plaintiff was rendered, defendants appealed, urging, inter alia, that the trial court erred in awarding tort damages and in failing to confine plaintiff to recovery under workers' compensation law.
The Third Circuit began by noting that Timothy was illegally employedhe was hired to work in logging operations, specifically listed as prohibited employment by La. R.S. 23:161. The court then embarked upon a two-pronged inquiry, which it phrased as follows:
Whether there is a distinction between a case where a minor is hired in violation of law, as here, or where he is legally hired but required to perform a task in violation of law, is the first question we have to answer regarding the issue of tort immunity. The second question is whether this distinction, if found to exist, makes enough difference to justify a policy decision that tort immunity does not exist for one, though it does exist for the other.
Ewert, supra at 360.
The Ewert court then reasoned:
It could hardly be argued that there is not a difference, albeit only one of degree, between the risks likely to be encountered by a minor in illegal employment, as opposed to those likely to be encountered in legal employment where there is only an incidental risk of assignment to an illegal task. The case before us is a prime example of an illegal employmenta logging operation. Hardly any aspect of logging can be imagined that is not fraught with great risk to the inexperienced and immature. On the other hand, there are situations, just as in Mott, where the minor is employed in a legal operation, but is requiredperhaps innocently to perform a task in violation of law. We have no difficulty concluding that there is a distinction between the two employments.

The other, and more difficult question, is whether this distinction justifies a policy decision to withhold tort immunity in the case of illegal employment.
(Emphasis added)....
* * *
It cannot be disputed that a primary legislative purpose of the Child Labor Law is to protect minors in employment relationships from excessive risk of personal injury. A blanket prohibition against employment in such activities as logging operations fosters that purpose. We have seen in Mott, and the other cases cited in this opinion, that Louisiana jurisprudence holds that even illegal employment contracts are not absolutely null contracts. There is a sound policy reason, however, to hold that the purely illegal contract is relatively null. By holding that the illegal contract is relatively null, we would give the minor the exclusive right to enforce or ignore the contract, at his election.
La. C.C. art. 1919 declares:
A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative.
Unemancipated minors do not have the capacity to contract. La. C.C. art. 1918. Article 2031 says:
A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established and may not be declared by the court on its own initiative. *1152 A rule which allows the employer of an illegally employed minor to interpose the exclusive remedy defense to a tort suit is the very opposite of the principles announced in the above civil code articles. It allows the employer to benefit from a contract that has been legislatively condemned. It allows the policy of the workers' compensation immunity provisions to triumph totally over the policy of the Child Labor Law.
This is a case where the workers' compensation policy of employer tort immunity clashes head on with the policy underlying the Child Labor Law. If one must give way to the other, we believe the Child Labor Law should prevail. Such a result would conform to the principle stated in the above code articles. It would avoid the anomaly of rewarding an employer for illegally employing a minor incapable of contracting. It would give meaning to the legislative prohibition against certain types of employment of minors, while at the same time continuing the protection of exclusivity to employers in those legal employment situations where the minor is merely assigned a prohibited task. Such a rule would not be a burden to employers. All that prospective employers would have to do to avoid tort exposure is exercise simple care to ascertain the age of their employees.
We hold that the plaintiff in this case was properly allowed a remedy in tort.
Ewert, 548 So.2d at 360-362.[4]
As noted by the Third Circuit in Ewert, supra, and by the First Circuit in Noble v. Blume Tree Services, Inc., 94-0589 (La. App. 1st Cir.11/10/94), 646 So.2d 441, writ denied, 94-2999 (La.02/17/95), 650 So.2d 252, the Louisiana Supreme Court has never directly addressed the issue of whether an illegally hired minor injured while so employed is limited to recovery in workers' compensation.[5] After careful consideration, we find, as did our brethren of the Third Circuit in Ewert, that a minor, whose very employment is in contravention of the Child Labor Law, La. R.S. 23:151 et seq., and who sustains injury while so employed, may elect to recover in either workers' compensation (which has the effect of ratifying or confirming the relatively null contract of hire) or in tort (by filing suit, thus tacitly invoking the relative nullity of his employment contract).
In the instant case, the record shows that Allan received medical and disability benefits from Martin Forest Products' workers' compensation group. It is undisputed that these benefits were issued not pursuant to a request from the injured minor or his parents, but in accordance with a unilateral decision of the insurer. Allan's receipt of these benefits does not qualify as an election of remedies and while his acceptance of workers' compensation benefits will not bar his suit in tort, his employer (or its workers' compensation insurer) may be entitled to a credit or offset against any recovery Allan may realize in tort. See Gagnard v. Baldridge, 612 So.2d 732 (La.1993).
Inasmuch as we have concluded that Allan's tort claim against his employer, Martin Forest Products, is not barred by the exclusivity provision of the workers' compensation act, we find, as did the trial court, that the provision in PLM's general liability policy which excludes coverage for workers' compensation claims (the basis for PLM's motion for summary judgment) is not implicated. We therefore uphold *1153 the trial court's denial of summary judgment to the insurer.

Conclusion
For the above stated reasons, we find that the trial court did not err in denying the motion for summary judgment filed by defendant-applicant, Pennsylvania Lumbermens Mutual Insurance Company. The trial court's judgment is hereby AFFIRMED and the matter is REMANDED for further proceedings. Costs are assessed to defendant-applicant, Pennsylvania Lumbermens Mutual Insurance Company.
PEATROSS, J., dissents with written reasons.
PEATROSS, J., dissenting.
I respectfully dissent. Plaintiff sustained his on the job injury on April 4, 1996. In my opinion, the provisions of La. R.S. 23:1032, as amended by Act 432 of 1995 (effective June 17, 1995), unambiguously preclude Plaintiff from any recovery in tort. There is no showing that Plaintiff's employer acted intentionally or that the Child Labor Law specifically provides Plaintiff a tort remedy against Defendants. I would reverse and grant Defendants' motions for summary judgment.
NOTES
[1] A similar motion for summary judgment filed by Martin Forest Products and Daniel B. Wyatt, vice-president of Martin Forest Products, was likewise denied by the trial court. Defendants' application for supervisory writs to this court was not considered, however, for failure to comply with the applicable rules.
[2] Despite the employer's knowledge of Allan's age (see deposition testimony of Daniel Wyatt), no minor employment certificate or work permit was obtained as required by the Child Labor Law.
[3] As noted infra, the writ application filed by Martin Forest Products and Wyatt was not considered by this court because of procedural insufficiencies.
[4] For a contrary view, see the dissenting opinions of Judges Doucet and Foret, Ewert, supra at 363-365. The First Circuit likewise declined to adopt the Ewert approach in a case involving a minor illegally hired but performing a legal task at the time of his injury. See Noble v. Blume Tree Services, Inc., 94-0589 (La.App. 1st Cir.11/10/94), 646 So.2d 441, writ denied, 94-2999 (La.02/17/95), 650 So.2d 252.
[5] In the absence of controlling jurisprudence from the supreme court, the First Circuit in Noble did not feel constrained to follow Ewert and thus reached a different result.