# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2019**, are as follows:

**PER CURIAM**:

2018-C-0726    TASHA GRIGGS, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, AUSTIN GRIGGS v. BOUNCE N' AROUND INFLATABLES, L.L.C. AND JACK ALAN LEBLANC (Parish of Ascension)

In this case, we are called upon to decide a question we left unresolved in Mott v. River Parish Maintenance, 432 So.2d 827 (La. 1983) – namely, whether a minor who is illegally hired and engaged in a prohibited task at the time of his injury is subject to the exclusive remedy of the workers' compensation law. For the reasons that follow, we hold that the exclusive remedy provisions are applicable under these facts. The judgment of the court of appeal is affirmed.

AFFIRMED.

JOHNSON, C.J., dissents and assigns reasons.
HUGHES, J., dissents and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2018-C-0726

TASHA GRIGGS, INDIVIDUALLY AND ON BEHALF
OF HER MINOR SON, AUSTIN GRIGGS

VERSUS

BOUNCE N' AROUND INFLATABLES, L.L.C.
AND JACK ALAN LEBLANC

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ASCENSION

PER CURIAM

In this case, we are called upon to decide a question we left unresolved in *Mott v. River Parish Maintenance*, 432 So.2d 827 (La. 1983) – namely, whether a minor who is illegally hired and engaged in a prohibited task at the time of his injury is subject to the exclusive remedy of the workers' compensation law. For the reasons that follow, we hold that the exclusive remedy provisions are applicable under these facts.

## UNDERLYING FACTS AND PROCEDURAL HISTORY

The salient facts of this matter are largely undisputed. Bounce N' Around Inflatables ("BNA") is a party rental business that rents a variety of inflatables for social events. BNA stored the inflatables in a warehouse on racks approximately ten feet high and moved them around on dollies, using a battery operated pallet-jack.

BNA hired fourteen-year-old Austin Griggs ("Austin") as a helper to assist in the delivering and cleaning of the inflatables. Louisiana law provides that "[m]inors fourteen and fifteen years of age may be employed in any gainful occupation not prohibited in this Part, only after school hours and during nonschool days." La. R.S. 23:166. However, any person who employs a minor is required to procure and keep on file an employment certificate for the minor. La. R.S. 23:181 *et seq*. It is

undisputed that BNA did not obtain such a certificate for Austin. Additionally, La. R.S. 23:163(2) provides, "[n]o minor under the age of sixteen years shall be employed, permitted, or suffered to work . . . [i]n, or about, or in connection with power-driven machinery."

The accident which forms the basis for this litigation occurred when Austin, then age fifteen, was standing on an inflatable as it was lifted to the rack by a forklift. Austin fell to the ground from the forklift, and was further injured when the inflatable fell and hit him on the back.

Following the injury, BNA's workers' compensation insurer paid Austin workers' compensation and medical benefits. Austin eventually returned to work at BNA, with his mother's permission.

The instant litigation arose when Austin's mother, individually and on behalf of Austin (hereinafter referred to as "plaintiffs"), filed suit against BNA, its owner and insurer (collectively referred to hereinafter as "defendants"). The suit sought to recover tort damages arising out of the injury.

The matter proceeded to a bench trial. At the conclusion of trial, the district court awarded plaintiffs $125,000 in general damages and $24,517 in special damages, plus legal interest and costs.[1] In written reasons for judgment, the district court found defendants illegally employed Austin because they failed to obtain an employment certificate. The court further found Austin was engaged in an illegal task (working with power-driven machinery) at the time of the accident.

In finding the exclusive remedy provisions of the workers' compensation law did not apply, the district court relied on *Ewert v. Georgia Casualty & Surety Co.*, 548 So.2d 358 (La. App. 3 Cir. 1989), *writ denied*, 551 So.2d 1339 (La. 1989), and

---

[1] BNA's workers' compensation insurer intervened to recover benefits it paid to Austin. The district court awarded the insurer $25,867.93 in reimbursement.

2

*Patterson v. Martin Forest Products, Inc.*, 34,258 (La. App. 2 Cir. 12/15/00), 774 So.2d 1148, *writ denied*, 00-3559 (La. 3/16/01), 787 So.2d 311, for the proposition that workers' compensation exclusivity provisions do not control over child labor laws, and a minor's illegal employment does not amount to an election of remedies under the workers' compensation law.

Defendants appealed. The Court of Appeal, First Circuit reversed in part and affirmed in part, dismissing plaintiffs' tort claims with prejudice.[2] The court of appeal found Austin's claims were subject to the exclusive remedy provision contained in the workers' compensation law. In reaching this conclusion, the court of appeal explicitly declined to follow the holdings of *Ewert*, *supra* and *Patterson*, *supra*. The court instead relied on its prior decision in *Noble v. Blume Tree Services, Inc.*, 94-0589 (La. App. 1 Cir. 11/10/94), 646 So.2d 441, *writ denied*, 94-2999 (La. 2/17/95), 650 So.2d 252, which held that an illegally-hired minor was subject to the exclusivity provisions.

Upon plaintiffs' application, we granted certiorari to resolve this split in the circuits.

**DISCUSSION**

In *Mott v. River Parish Maintenance*, 432 So.2d 827, 831 (La. 1983), we addressed the issue of whether a minor who was legally hired, but performing an illegal task at the time of his injury, was limited to the workers' compensation remedy. We reviewed the history of the workers' compensation act and concluded it applied to the minor:

---

[2] Austin's mother filed a loss of consortium claim, which the district court rejected. The court of appeal affirmed this portion of the district court's judgment. This ruling is not at issue in the current application and will not be discussed further.

3

> La. R.S. 23:1035, providing for coverage under the act, states that the act is applicable to "every person" with no indication whatsoever that it did not apply to minors, legally or illegally employed. Furthermore, since the appellate courts had, between 1948 and 1975, rendered numerous decisions holding that the act did apply to minor employees who were below the minimum age prescribed by law for employment in certain trades or to do certain jobs, use of the term "every person" in the coverage provision must have been with the intent that such minors remain covered under the act.

* * *

> We find no merit to plaintiff's argument that he is not covered by the workers' compensation act because his injuries occurred while he was performing a task prohibited, for a minor his age by the Child Labor Law.

In a footnote, *Mott* observed there may be some support for a distinction between a minor hired in violation of the law and a minor legally hired but required to perform a task in violation of the law. However, *Mott* ultimately declined to express any opinion on this issue:

> A question has been raised as to whether there is a distinction between the case where the minor is hired in violation of law or where, as here, he is legally hired but required to perform a task in violation of law. While there may be some support for such a distinction, we are not here faced with that issue and express no view on it.

> 432 So. 2d at 832, footnote 5

Over the next few years, the footnote in *Mott* caused some confusion in the appellate courts. In *Ewert, supra,* the Third Circuit addressed a situation involving a minor who was illegally hired to work in logging operations. The majority of the court seized upon the *Mott* footnote and concluded there was a distinction between an illegally hired minor and a minor who was legally hired but performing illegal tasks:

> It could hardly be argued that there is not a difference, albeit only one of degree, between the risks likely to be

encountered by a minor in illegal employment, as opposed to those likely to be encountered in legal employment where there is only an incidental risk of assignment to an illegal task. The case before us is a prime example of an illegal employment - a logging operation. Hardly any aspect of logging can be imagined that is not fraught with great risk to the inexperienced and immature. On the other hand there are situations, just as in *Mott*, where the minor is employed in a legal operation, but is required - perhaps innocently - to perform a task in violation of law. We have no difficulty concluding that there is a distinction between the two employments.

*Ewert*, 548 So. 2d at 361.

Having found there was a distinction, the *Ewert* majority concluded that an employer who illegally hires a minor should not have the benefit of workers' compensation tort immunity. The court reasoned that such an interpretation was necessary to "avoid the anomaly of rewarding an employer for illegally employing a minor incapable of contracting." *Id.* at 362.

Two judges dissented in *Ewert*. One of the dissenters explained "[t]he majority here has fashioned a cause of action of a *punitive* nature which is not authorized by any law that I know of." *Id.* at 548 (Foret, J. dissenting) (emphasis in original).

Several years later, the First Circuit addressed the issue in *Noble*, *supra*. That case involved a minor who was illegally hired but was performing legal work at the time of his injury.[3] The court reviewed prior jurisprudence from its circuit, such as *Matthews v. Buff Hottle Shows*, 109 So.2d 261 (La. App. 1st Cir. 1959), and *Messer v. Bagwell Coatings*, 283 So.2d 279 (La. App. 1st Cir. 1973), in which the courts found the exclusive remedy of a minor hired in violation of the Child Labor Laws was in workers' compensation. The court concluded *Mott* did not overrule these decisions

---

[3] The parties stipulated the minor was hired to operate wood working machinery or as a commercial driver, occupations which are prohibited under La. R.S. 23:23:161. However, at the time of the accident, he was flagging traffic, an occupation which is not specifically prohibited.

5

and declined to read the *Mott* footnote as broadly as the court in *Ewert* did. Instead, the court concluded:

> As the supreme court noted in *Mott*, the legislature intended to provide workers' compensation coverage for **all** minors, whether legally employed or not, when it deleted the provisions excluding coverage for illegally hired minors in 1948, and it reaffirmed that intention in 1975. We may not ignore that intent and the long-settled jurisprudence of this circuit to legislate punishment in this type case.

> *Noble*, 646 So.2d at 444 (emphasis in original).

In resolving these conflicting opinions, we turn, as we did in *Mott*, *supra*, to the language of La. R.S. 23:1035. That statute, entitled "Employees covered," provides, in pertinent part:

> A. The provisions of this Chapter shall also apply to **every person** performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation . . . (emphasis added).

The starting point in the interpretation of any statute is the language of the statute itself. *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, pp. 13-14 (La. 7/1/08), 998 So.2d 16, 27. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code. art. 9.

We find the reference to "every person" in La. R.S. 23:1035 is clear and unambiguous. As we explained in *Mott*, there is "no indication whatsoever that it did not apply to minors, legally or illegally employed." *Mott*, 432 So.2d at 831.

Despite this clear language, plaintiffs ask us to interpret the statute to exclude minors who are injured while performing tasks not permitted by the law, as in the case at bar. Plaintiffs reason that although there are situations where a minor can be

legally employed, the legislature has determined, obviously for safety reasons, that a minor cannot be employed to perform certain jobs. According to plaintiffs, when an employer places a minor in the position of working in a prohibited position, the employer should not benefit when the child is injured.

Although the courts are obliged to construe the law so as to effectuate its purpose, this duty does not include license to ignore the law's clear and unambiguous terms or to refrain from enforcing the law in accordance with its plain meaning. *Bank of New York v. Parnell*, 10-435 (La. 11/30/10), 56 So.3d 160, 165, *cert. denied*, 565 U.S. 817 (2011) (citing *In re Mourer*, 309 B.R. 502, 505 (W.D. Mich. 2004). While we are not unmindful to the policy considerations advanced by plaintiffs, we cannot ignore the plain language of the statute.

In the absence of any legislative exemption of minors from the exclusivity provisions of the workers' compensation provisions, we are powerless to recognize any action in tort for minors who are negligently injured while illegally employed or engaged in illegal tasks. Indeed, La. R.S. 23:1020.1(D)(3) explicitly provides that the sole authority to liberalize or broaden the workers' compensation statutes rests exclusively with the legislature:

> (3) According to Article III, Section 1 of the Constitution of Louisiana, the legislative powers of the state are vested solely in the legislature; therefore, when the workers' compensation statutes of this state are to be amended, the legislature acknowledges its responsibility to do so. **If the workers' compensation statutes are to be liberalized, broadened, or narrowed, such actions shall be the exclusive purview of the legislature.** [emphasis added].

As we explained in *Vidrine v. Michigan Millers Mut. Ins. Co.*, 263 La. 300, 336, 268 So.2d 233, 246 (1972) (on rehearing), there may be instances where concepts of equity and/or socioeconomic reasons justify a change to the statutory law.

7

However, "this is not a matter for the Court; it addresses itself solely to the legislative department of our government."

Accordingly, we must affirm the judgment of the court of appeal insofar as it reversed the judgment of the district court and held plaintiffs' exclusive remedy is under the workers' compensation law. Any jurisprudence to the contrary is hereby overruled.

## DECREE

For the reasons assigned, the judgment of the court of appeal is affirmed.

SUPREME COURT OF LOUISIANA

No. 2018-C-0726

TASHA GRIGGS, INDIVIDUALLY AND ON BEHALF OF HER MINOR
SON, AUSTIN GRIGGS

VERSUS

BOUNCE N' AROUND INFLATABLES, L.L.C. AND JACK ALAN
LEBLANC

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ASCENSION

**JOHNSON, Chief Justice, dissents and assigns reasons.**

I am deeply troubled by the majority opinion which holds that a minor child who is both illegally hired and working in violation of the Child Labor Law, is denied the right to seek tort compensation against the employer when that child is injured during the course of employment. I recognize our workers' compensation statute applies to "**every person** performing services arising out of and incidental to his employment in the course of his … employer's trade, business, or occupation."[1] However, unlike the majority, I find an exception must be made for illegally hired minors who are injured while performing an illegal task.

In *Mott v. River Parish Maintenance*, 432 So. 2d 827 (La. 1983), this court held that a minor **who was legally hired**, but performing an illegal task at the time of his injury, was limited to the workers' compensation remedy. However, this court also acknowledged some support for a distinction where a minor was **illegally hired** as opposed to legally hired but required to perform an illegal task. 432 So. 2d at 832, n. 5. Noting this distinction, both the Third Circuit in *Ewert v. Georgia Casualty &*

---

[1] La. R.S. 23:1035(A) (emphasis added).

1

*Surety Co.*, 548 So. 2d 358 (La. App. 3 Cir. 1989), *writ denied*, 551 So. 2d 1339 (La. 1989), and the Second Circuit in *Patterson v. Martin Forest Products, Inc.*, 34,258 (La. App. 2 Cir. 12/15/00), 774 So.2d 1148, *writ denied*, 00-3559 (La. 3/16/01), 787 So. 2d 311, have found withholding tort immunity in the case of illegal employment justified as a matter of policy. Importantly, minors do not have the ability to contract. La. C.C. art. 1918. A contract made by a person without legal capacity is relatively null. La. C.C. art. 1919. To hold that an illegally employed minor only has the right to recover for injuries through workers' compensation rewards the employer and penalizes the minor who is unable to legally contract for the employment. However, as recognized by the courts in *Ewert* and *Patterson*, if we allow the minor to elect whether to recover in workers' compensation or in tort, the minor is given the right to either enforce the relatively null contract by seeking recovery under workers' compensation, or rescind the relatively null contract by seeking a tort remedy. I wholly agree with the underlying policy decisions in these cases:

> A rule which allows the employer of an illegally employed minor to interpose the exclusive remedy defense to a tort suit is the very opposite of the principles announced in the above civil code articles. It allows the employer to benefit from a contract that has been legislatively condemned. It allows the policy of the worker's compensation immunity provisions to triumph totally over the policy of the Child Labor Law.
>
> This is a case where the workers' compensation policy of employer tort immunity clashes head-on with the policy underlying the Child Labor Law. If one must give way to the other, we believe the Child Labor Law should prevail. Such a result would conform to the principle stated in the above code articles. It would avoid the anomaly of rewarding an employer for illegally employing a minor incapable of contracting. It would give meaning to the legislative prohibition against certain types of employment of minors, while at the same time continuing the protection of exclusivity to employers in those legal employment situations where the minor is merely assigned a prohibited task. Such a rule would not be a burden to employers. All that prospective employers would have to do to avoid tort exposure is exercise simple care to ascertain the age of their employees.

*Ewert*, 548 So. 2d at 362. *See also*, *Patterson*, 774 So. 2d at 1152.

2

To allow the employer of an illegally employed minor to avoid tort liability allows the employer to circumvent the policy behind the Child Labor Law and to exploit the minor by enforcing the equivalent of an unenforceable employment contract. I cannot support such a holding. I respectfully dissent.

# SUPREME COURT OF LOUISIANA

## No. 2018-C-0726

## TASHA GRIGGS, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, AUSTIN GRIGGS

## VERSUS

## BOUNCE N' AROUND INFLATABLES, L.L.C. AND JACK ALAN LEBLANC

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF ASCENSION

**Hughes, J., dissents.**

I respectfully dissent. The hiring of the minor child was illegal and the work assigned was illegal. Although workers' compensation by statute applies to "every person," presumably including minors, this one statute conflicts with two other statutes, one with criminal penalties. I would reinstate the judgment of the trial court.

**SUPREME COURT OF LOUISIANA**

**No. 2018-C-0726**

**TASHA GRIGGS, INDIVIDUALLY AND ON BEHALF
OF HER MINOR SON, AUSTIN GRIGGS**

**VERSUS**

**BOUNCE N' AROUND INFLATABLES, L.L.C.
AND JACK ALAN LEBLANC**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ASCENSION**

CRICHTON, J., additionally concurs and assigns reasons:

I agree with the majority's conclusion in this case that the statutory language of La. R.S. 23:1035 in the Workers' Compensation Act dictates the result of tort immunity for this employer, and provides for the plaintiff's exclusive remedy in workers' compensation. However, I write separately to note that the employer here engaged in illegal conduct by hiring a minor without a proper certification, and allowed the minor to engage in illegal activity by riding on a forklift. I find it troublesome that despite this illegal activity by the defendant employer, it will still receive the benefit afforded by workers' compensation provisions. The per curiam appropriately notes that the legislature maintains the sole authority to broaden the statutes to include exemption of minors from the exclusivity of workers' compensation provisions, but in light of the unfair result mandated in this case, I emphasize the importance of legislative amendment in this area of the law. I echo the thoughts of Professor H. Alston Johnson, III in light of the fact that there is no statutory guidance on this issue and the jurisprudence has been divided:

> The legislature should decide whether loss of tort immunity is the proper sanction for an employer who violates the Child Labor Law. If so, this sanction should be specifically stated. If not, an appropriate and specific sanction should be provided. In that process, one should not

> lose sight of the concept that if a penalty is regarded as too harsh, it might never be applied, even though some penalty of a lesser nature would be. In other words, the sanction should fit the violation, or else the violation might go unpunished.
>
> H. Alston Johnson, III, 13 La. Civ. L. Treatise, Workers' Compensation Law and Practice §53 (5th Ed.)

As mentioned, our result today is necessary in light of the plain language of the statute, but, in my view, gifts the defendant employer - who engaged in illegal activity - an unfair benefit.